### STATE v. B. A. LAWRENCE.

*Liquors.*

1. No person can authorize a dealer in spirituous liquors to give or sell such liquors to an unmarried minor.
2. Where the father of a minor gave permission to a dealer in such liquors to sell them to his son; *It was held,* that the dealer was nevertheless guilty under the statute.

INDICTMENT, tried before *Montgomery, Judge,* at January Term, 1887, of CATAWBA Superior Court.

The defendant was a *dealer* in intoxicating liquors, and was indicted for giving one gill of such liquors to Daniel Brinkley, junior, an unmarried person, knowing him at the time to be under the age of twenty-one years. He pleaded not guilty. On the trial he offered evidence to show, that the father of the infant named gave the defendant his permission to give his said son the spirituous liquors for his use.

The Solicitor for the State, admitting that the witness could prove the fact, insisted that the father's permission would not be any legal excuse or justification for the defendant.

The Court so decided, and the defendant excepted.

There was a verdict of guilty, and judgment thereupon for the State, and the defendant appealed to this Court.

*The Attorney-General,* for the State.
No counsel for the defendant.

MERRIMON, J., (after stating the facts). The statute (*The Code,* §§1077, 1078,) forbids in strong, peremptory terms, all dealers in intoxicating " drinks or liquors" to sell in any manner, or to give away to any unmarried person under the age of twenty-one years, knowing such person to be under

that age, any such drinks or liquors, and makes it a misdemeanor and indictable to do so; and moreover gives the father, or if he be dead, the mother, guardian or employer of any minor to whom such sale or gift shall be made, a right of action against the guilty party, and in an action brought upon the same. exemplary damages, not less than twenty-five dollars, may be recovered.

The plain purpose of this stringent statute is to protect as far as practicable all unmarried minors from the insidious and dangerous evils of drinking intoxicating drinks and liquors, obtained from dealers in the same by sale or gift. It is at drinking places kept by such dealers, that the youth of the State too frequently learn and contract ruinous habits of dissipation, that unfit them for usefulness, and oftentimes render them a real curse to society. The object of the statute is to cut off, prevent, and suppress such evil, as to minors, who, in the weakness and immaturity of youth, more readily contract abnormal appetites and dangerous habits than persons of mature years and experience. The statute is very broad in its terms. All such dealers are embraced, and there is no exceptive provision that appears in terms or by reasonable implication. The terms and purpose of the statute are so strong and peremptory as to exclude exceptions by inference or construction. No person can authorize or permit a *dealer* in liquors—that is, one who keeps on hand intoxicating liquors for the purpose of sale or profit—to sell or give such minor any quantity of such drinks or liquors. The father, or mother, or guardian, or employer is as much without authority to grant such permission as any other person. The right of action to recover exemplary damages is given them, because it is supposed they sustain special injury, but that they do, does not imply authority in them to foster and permit the evil the statute is intended to prevent and suppress. The statute is intended to protect society, as certainly as those who may have a personal interest in the minor, by

reason of blood, or otherwise. The father cannot suspend the statute!

There is no error. Let this opinion be certified to the Superior Court, according to law. It is so ordered.

No error.                                             Affirmed.