THE STATE v. T. H. SCOGGINS and G. M. GEAMS.

*Liquor Selling—Intent—Minors—Evidence.*

1. Upon the trial of an indictment for a violation of the statute (*The Code*, § 1077) forbidding the selling or giving liquors to minors, it will be presumed that the seller had knowledge of the fact that the person to whom the liquors were furnished was a minor.

2. Several persons may be charged in the same indictment and convicted for a single unlawful sale of liquors.

3. Where there was evidence that the person to whom the liquors were charged to have been sold was eighteen years old; that his appearance clearly indicated he was a minor; that he repeatedly, within two years, went into defendants' bar-room with an adult acquaintance, to whom he had given the money to purchase liquors before entering the bar; that the adult would call for the drinks and pay for them, and the defendants would pour out the drinks and hand them to the minor and adult: *Held*, the defendants were guilty of a violation of the statute, no matter what may have been their actual intent.

This was an Indictment (under section 1077 of *The Code*) for selling liquor to a minor, tried at the June Term, 1890, of the Superior Court of DURHAM County, before *Womack, J.*

The defendants appealed.

Albert Rigsbee, witness for the State, testified: "I am eighteen years old and unmarried. The defendants sold spirituous liquors at retail in the town of Durham. I never bought liquor from either of them directly. When I wanted a drink I would ask some person of full age if he wanted a drink, and would give him the money outside of the bar, and we would go in together. He would call for the liquor; the defendants would set up two glasses; we would pour out our liquor and drink, and he (the grown person) would pay for it. I couldn't say how often I have done that in two years, but some two or three times a week. Both defendants

would set up the liquor. I would give the money out of doors, and the defendants would know nothing about it."

The witness' appearance clearly indicated that he was a minor. The State rested its case, and the defendants introduced no evidence.

The Solicitor asked his Honor to instruct the jury that, if they believed the evidence, the defendants were guilty.

The defendants demurred to the evidence for that it did not show that both parties participated in any one sale.

His Honor overruled the defendants' demurrer to the evidence, to which the defendants excepted. His Honor charged the jury that if they were fully satisfied that the evidence was true, then the defendants were guilty. To which charge defendants excepted.

Verdict of guilty. Judgment that defendants pay a fine of twenty dollars each and costs, from which they appealed, assigning error in failure of his Honor to sustain the demurrer, and the charge as given.

*The Attorney General,* for the State.

*Messrs. J. S. Manning* and *R. B. Boone,* for defendants.

AVERY, J.: The witness Rigsbee was only eighteen years old, and in the conduct of their business all dealers in spirituous liquors are presumed to act with a knowledge of that fact. He had repeatedly, within two years before the finding of the indictment, gone into the room where the defendants, as partners, retailed spirituous liquors, after giving to some adult, who accompanied him to the counter of the bar-room, the money to pay for two drinks, and had seen the defendants set out two glasses in response to a call by his companion for drinks for both, and after the drinks were taken by both, had seen the defendants receive payment for them from the person to whom the witness had furnished the money on the outside, but never in the presence of either of the defendants.

STATE *v.* SCOGGINS.

This is not one of those cases in which the jury must find whether there was an actual intent on the part of the defendants to evade the statute. The law presumes that they intended the natural consequences of their own act, and if they sold in violation of the express terms of the statute, they were guilty *ipso facto*, whatever might have been their actual purpose. *State* v. *McBrayer*, 98 N. C., 619; *State* v. *Lawrence*, 97 N. C., 492. The law raises a presumption that the defendants knew that Rigsbee was under twenty-one years old, and there is no evidence to rebut it, but, on the contrary, the testimony as to his youthful appearance strengthens the artificial force given by statute to the bare proof of his age. When, therefore, they saw Rigsbee come into their bar-room time and again, and repeatedly placed glasses upon the counter at the request of his adult companion, but for the use of both, it was an attempted evasion of the law so palpable that the Court was warranted in passing upon their guilt upon demurrer to the testimony, and instructing the jury to return a verdict accordingly.

The dealers, in this instance, delivered the spirituous liquors directly to a boy, known to them to be under twenty-one years of age, by handing him a bottle and glass. If it is not a sale, it is, within the meaning of the statute, giving the spirituous liquors to the minor, though another may have paid for it. The evil intended to be remedied was the demoralization of young persons by furnishing to them intoxicating drinks and leading them into ruinous habits, even with the permission of a parent. *State* v. *Lawrence*, *supra.*

The demurrer was upon the ground that there was no testimony sufficient to show a sale by both defendants on any particular occasion. The Judge instructed the jury that, if they believed the evidence, both were guilty. In misdemeanors there are no accessories, but all are either principals or not guilty at all. Where one partner is present and sees.

the other partner sell to a boy under twenty-one years old, or either or both permit a clerk to do the same thing in their presences, an indictment will lie against both or either who may be present, just as though he had actually delivered the drinks. *State* v. *Caswell*, 21 Tenn , 399; 2 Wharton's C. L , § 2458.

Affirmed.