### SAM BARTMAN V. THE STATE.

No. 1416.  Decided January 26, 1898.

**Selling, etc., Liquor to Minor—Evidence Insufficient.**

Where the indictment alleged a sale and gift of liquors to one Bisland, a minor, and the evidence was that the sale was to one Branson, a minor, and that Bisland was handed and drank the liquor at Branson's request; Held, this was neither a sale or gift to Bisland, as alleged, and the evidence was insufficient to support the conviction.

APPEAL from the County Court of Ellis.  Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for unlawfully selling and giving intoxicating liquors to a minor; penalty, a fine of $50.

The opinion states the case.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of selling and giving, and caused to be sold and given, intoxicating liquors to Ed. Bisland, who was then and there a minor, and without the written consent of the parties named in the statute.

The evidence is uncontroverted that Ed. Bisland, Will Branson, George Bartlett, and Will Pippin went into the saloon of the defendant; that they were minors; that Will Branson bought and paid for all the intoxicating liquors drank upon the occasion; that he invited the other boys to visit the saloon for the purpose of treating them; that appellant did not in person sell or give away any intoxicants; that the sale was made by his employe, the defendant being in or about the premises.  It is an uncontroverted fact that Ed. Bisland did not buy or pay for any of the beer drank on the occasion.  Without discussing appellant's liability for the sale if the sale had been made to Bisland by appellant's employe, we believe that the testimony excludes a sale to Bisland by the employe.  The fact that he visited the saloon with Branson, who purchased the intoxicants, and participated in the drinking at Branson's request, would not make Bisland a purchaser.  It may be that the jury convicted appellant because his employe, in response to Branson's request, set out the glass of beer to Bisland, believing this to be a gift by the employe to Bisland.  If this was the theory upon which the conviction is predicated, it can not be sustained.  If there was a gift at all, it was from Branson to

Bisland, and not from the employe. This was no more a gift to Bisland than it was to Branson. Branson paid for the drinks, and caused the beer to be given to Bisland. As the evidence presents this case to us, there was neither a sale nor a gift by appellant or his employe to Bisland of the intoxicants, as alleged in the indictment. Under the view we take of the case, it is not necessary to discuss the various other questions suggested by appellant for our consideration.

Because the evidence does not show a sale or gift by appellant as alleged in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*