### STEVE BURDETT v. THE STATE.

#### No. 3371. Decided April 17, 1907.

**1.—Theft—Misdemeanor—Codefendant—Witness for State—Statutes Construed.**

So far as the statutes are concerned, articles 771 and 777, Code Criminal Procedure, the disqualification by a codefendant to testify is that he cannot testify in favor of a codefendant in a misdemeanor case unless he has satisfied the judgment; but there is no such disqualification in the use of such witness for the State.

**2.—Same—Case Stated—Qualification of Witness.**

Upon trial for theft of lint cotton, defendant's codefendant was jointly charged in the same information with defendant of the theft of said cotton, and previous to the trial of defendant had plead guilty to said offense, and his fine had not been paid nor had he served his time in jail or appealed his case, but had accepted the judgment when the State used him as a witness against defendant. Held that said witness was competent to testify for the State.

**3.—Same—Circumstantial Evidence—Charge of Court—Hired Hand.**

Where upon trial for theft of cotton the State's evidence rested upon recent possession, which defendant explained in his testimony was honest, the court should have charged on circumstantial evidence, and also on defendant's theory that he was merely a hired hand to haul it, as per requested charge of defendant.

Appeal from the County Court of Travis. Tried below before the Hon. John W. Hornsby.

Appeal from a conviction of theft of lint cotton under the value of

$50; penalty, a fine of $75 and six months confinement in the county jail.

The opinion states the case.

*Dickens & Culp,* for appellant.—On question of circumstantial evidence and special defenses: Turner v. State, 7 Texas Crim. App., 599; Howard v. State, 23 Texas Crim. App., 265; Martinez v. State, 57 S. W. Rep., 670.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of theft of lint cotton, and his punishment assessed at a fine and imprisonment; and prosecutes this appeal.

Appellant reserved an exception to the action of the court in allowing one Versea to testify against him. It appears from the bill that Andrew Versea was jointly charged in the same information with this defendant of the theft of said cotton, and who had on the same day of the trial with this defendant and previous thereto plead guilty to said offense, and his punishment had been fixed at two months in the county jail and a fine of $50; that the fine had not been paid, nor had he served his time in jail; that he had taken no steps to appeal the case, but had accepted the judgment of the court. Appellant, after this testimony against Versea was developed, objected to the State using him as a witness against him. Article 777, Code Criminal Procedure, relied on by appellant in this regard, is merely a statute for the benefit of defendant and authorizes a defendant to use his codefendant jointly indicted with him or separately indicted, and who has been tried and convicted, and whose punishment was fine only, and after he has paid the fine and costs. See Tilley v. State, 21 Texas, 201, and other authorities cited under section 989, Code Criminal Procedure. We do not believe this article of the Code is applicable. Article 771, Code Criminal Procedure, is as follows: "Persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others." This statute is also made on behalf of an accused person. It is held, notwithstanding a party may be indicted for the same offense, he is nevertheless competent to testify in the case in behalf of the State until he is convicted. See Freeman v. State, 33 Texas Crim. Rep., 568, and Underwood v. State, 38 Texas Crim. Rep., 193. Of course, after a person has been convicted of a felony, and final sentence passed on him, he cannot be used by the State. See article 768, Code Criminal Procedure. It has been held in a number of cases that there being nothing in our statute inhibiting persons charged with misdemeanors from being witnesses against their

codefendants charged with the same offense, that they can be used by the State; there being no prohibitory statute, the rule at common law applies. See Rangel v. State, 22 Texas Crim. App., 642; Myers v. State, 3 Texas Crim. App., 8, and Bolton v. State, 43 S. W. Rep., 984. It appears, so far as our statutes are concerned, the disqualification to testify by a codefendant, is that he cannot testify in favor of a co-defendant in a misdemeanor case, unless he has satisfied the judgment; but there is no such disqualification in the use of such witness for the State, and we hold the witness Versea was competent to testify in this case for the State.

Appellant insists that the court committed an error in failing to give a charge on circumstantial evidence. It occurs to us that this contention is correct. There was introduced in evidence in this case a statement made by appellant to the effect that he had hauled the cotton for Versea, but it does not occur to us that this statement goes to the extent of inculpating appellant in the original taking. So that, the most that can be said of the evidence is that it shows a possession of the alleged stolen cotton in appellant after its taking; and further than this, the statement of appellant goes further and claims an honest possession. Under the authorities the court should have given an instruction on circumstantial evidence. The charge on accomplice testimony is not complained of, but the one given by the court is upon the weight of the evidence. We also believe that the court should have given in his charge to the jury, appellant's theory to the effect that if his connection with the cotton was merely as a hired hand to haul it, and that he did not participate in the original taking, that he could not be convicted under this prosecution. Appellant might be guilty of receiving stolen property, but not of taking same, and furthermore, appellant's testimony suggested that even in receiving said cotton he had no guilty knowledge, and this theory should have been submitted to the jury. These matters were presented to the court with specially requested instructions, which should have been given.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*