BERT CAREY v. STATE.

No. A-4700.    Opinion Filed June 17, 1924.
(226 Pac. 1063.)

(Syllabus.)

Intoxicating Liquors—Extreme Penalty for Giving Liquor to Minor Excessive. The extreme penalty of imprisonment in a peni-

tentiary for a term of 5 years, and a fine of $2,000 assessed against a young man for the crime of giving liquor to a minor companion under the circumstances here, is excessive.

(a) For reasons appearing in the opinion, the judgment of the trial court is modified.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Bert Carey was convicted of furnishing intoxicating liquor to a minor, and he appeals. Modified and affirmed.

E. J. Giddings, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Plaintiff in error, Bert Carey, was on the 24th day of April, 1923, in the district court of Canadian county, adjudged guilty of furnishing intoxicating liquor (corn whisky) to a minor, a girl under the age of 14 years. The court assessed the maximum punishment, a fine of $2,000 and imprisonment for a term of 5 years. From the judgment so rendered plaintiff in error appeals to this court.

Defendant, Carey, with three other young men and two girls, indulged in a night joy ride in an automobile, in which a pint bottle of corn whisky was passed around, and from which all drank on at least two occasions, with the exception of one of the young ladies named Henderson. The younger girl became intoxicated—"limber drunk," as one witness expressed it.

From the evidence it appears that the defendant and another of the party, one Rhodes, procured this whisky, and that the two other young men probably aided and abetted in its distribution, including that part consumed by the young girl. From the record and other authentic sources it appears that Rhodes was separately tried and convicted of

selling and disposing of this corn whisky, a misdemeanor, with his punishment fixed at confinement in jail for a period of 6 months and a fine of $500. One of the young men, named Laird, was given immunity for testifying against defendant, Carey, and the other, named Green, was shown the same courtesy for testifying in the Rhodes case. The testimony of the mother of the young girl indicates that the girl was wayward, and that she had previously participated in drinking parties.

To us it seems that several of the participants in the incidents of this night of debauchery were equally culpable and that the penalty assessed in this case is excessive and out of all proportion to that inflicted upon the others participating. Except where there are impelling reasons for doing so, this court will hesitate to modify a judgment of a trial court; but in this instance, if confinement in the reformatory at Granite will indeed work a reformation of the character of the defendant, a shorter period will be better than a long period of years, and therefore for the best interests of the state, as well as for the benefit of the defendant, the punishment should be reduced.

It is therefore ordered that the judgment of the trial court be modified to confinement in the state penitentiary at Granite for a period of two years and a fine of $500, and as so modified the judgment below is affirmed.

MATSON, P, J., and DOYLE, J., concur.