## GROVER RHODES v. STATE.

No. A-4762. Opinion Filed April 1, 1925.
(234 Pac. 645.)

(Syllabus.)

1. **Indictment and Information—When Information Charging Offense in Words of Statute Sufficient.** When an offense is created by statute which sets forth with precision and certainty all the elements of the offense, an information is sufficient which charges the offense in words of the statute.

2. **Trial—Instructions Construed with Reference to Evidence.** Instructions must be construed with reference to the evidence introduced.

3. **Evidence—Extent of Burden of Proof on Accused.** A person accused of crime should have no greater burden than is created by the evidence produced against him on the trial.

4. **Intoxicating Liquors—Statutes—Terms of Penal Statute not Extended Beyond Clear Legal Meaning—Word "Sell" in Statute Forbidding Selling Liquor Given Ordinary Legal Meaning.** A court will not extend the terms of a penal statute beyond their clear legal meaning. So the word "sell" in section 6996—7, C. S. 1921, declaring it a felony "to barter, sell or give to any minor," liquors, will not be construed to mean something different from its ordinary legal import.

5. **Same—Instruction that if Accused Furnished Liquor to Party and Others Actually Handed it to Minor He Would be Guilty of Supplying Liquor to Minor, Held Erroneous.** On the trial for giving intoxicating liquor to a minor, the evidence showed that defendant sold a pint of whisky to an adult, driver of a car with four other occupants; one being a minor. It was error for the court to instruct the jury that it would make no difference as to whether defendant actually handed the whisky to the minor or whether he just furnished it to the party and some of the rest of them actually handed it to the minor, if he furnished it for that party, and the minor thereby procured it, then he would be as guilty as though he may have handed it to the minor himself.

Appeal from District Court, Canadian County; James I. Phelps, Judge.

Grover Rhodes was convicted of giving intoxicating

liquor to a minor, and he appeals. Reversed, and new trial granted.

Babcock & Trevathan and P. P. Duffey, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Canadian county on or about the 13th day of April, 1922, Grover Rhodes did then and there willfully, unlawfully, and feloniously give to and otherwise furnish Ruth Early, a minor, intoxicating liquor, to wit, corn whisky; she, the said Ruth Early, then and there being under the age of 18 years. On the trial the jury returned a verdict, finding the defendant guilty of furnishing intoxicating liquor to a minor as charged in the information, and fixing his punishment at confinement in jail for six months, and a fine of $500. He has appealed from the judgment rendered in pursuance of the verdict. The overruling of the defendant's demurrer to the information is assigned as error. This was a prosecution under section 6996—7, C. S. 1921, which makes it a felony "for any person to barter, sell or give to any minor," any spirituous, vinous, fermented or malt liquors. It is a companion case to that of Carey v. State, 27 Okla. Cr. 276, 226 P. 1063. The information is sufficient and the demurrer thereto was properly overruled.

The evidence shows that Ruth Early, a minor 14 years of age, went riding with Bert Carey, Paulin Henderson, and Elmer Green; that they drove a few miles north of El Reno, then returned to the city and stopped in front of the Bergren barber shop; Grover Rhodes and Harry Laird were standing on the sidewalk; Carey called to Grover Rhodes and they had a conversation, after which Rhodes went away and came back, and he and Harry Laird got into the car; Carey drove a mile or two south of town and

stopped, there the four men and one of the girls, Ruth Early, each took a drink of corn whisky from a pint bottle. Ruth Early testified that when she got into the car there was a bottle in the seat containing a small amount of grape juice and corn whisky mixed, and she drank it; then Carey drove back to El Reno and stopped in front of the barber shop; Grover Rhodes was standing there, and Carey called him and whispered something to him; Rhodes went away and came back and got into the car; Carey asked Rhodes how much he wanted, Rhodes said $2.50, and Carey handed him a bill, and Rhodes gave Carey $2.50 in change; that a mile or two south of town they stopped; that Rhodes handed her a pint bottle and she took a drink, and it was corn whisky; that Rhodes and Carey each took a drink; that she did not know whether any one in the back seat took a drink.

Harry Laird testified that Bert Carey called Grover Rhodes to the car and wanted him to get some whisky for him, and Grover said that he would go and see if he could find any, and went away, then came back, and got into the car; Carey drove south a mile or two and stopped. All four men and Ruth Early took a drink from a pint bottle of whisky. That the first time he saw the bottle Grover Rhodes handed it to Elmer Green, Green handed it to him, and he handed it to Bert Carey. The defendant requested the court to give the following instruction:

"You are instructed that, if you find from the evidence that the defendant, Grover Rhodes, sold the whisky in question to Bert Carey, or obtained the same for him, and that Carey paid therefor, then, and in that event, the defendant would not be guilty of the offense charged in the information." Refused. Exception allowed. James I. Phelps, Judge.

The court instructed the jury in part as follows:

"The laws of this state provide that it shall be unlaw-ful for any person to barter, sell, or give to any minor

any spirituous, vinous, fermented, or malt liquors, or any imitation thereof or substitute therefor. And, in this connection, if you find and believe from the evidence in this case beyond a reasonable doubt that on the 13th day of April, 1922, in Canadian county, state of Oklahoma, Grover Rhodes furnished to Ruth Early intoxicating liquor, to wit, corn whisky, as alleged in the information, and that at said time said Ruth Early was a minor under the age of 18 years, then the defendant would be guilty of the charge against him, and in this connection, you are instructed, gentlemen, that it would make no difference as to whether he actually handed the whisky to the girl or whether he just furnished it to the party in the automobile and some of the rest of them actually handed it to her, if he furnished it for that party and Ruth Early thereby procured it, then he would be as guilty as though he may have handed it to her himself directly." Excepted to by defendant and exception allowed. James I. Phelps, Judge.

It is contended by counsel that the court erred in refusing to give the requested instruction and erred in misdirecting the jury to the defendant's prejudice in giving the instruction excepted to.

It will be observed that the words of the statute are "to barter, sell or give to any minor." The word "furnish" does not occur in the statute nor the phrase "otherwise furnish" as alleged in the information, or the word "furnish" as used by the court in the instruction excepted to.

In Scott v. State, 6 Okla. Cr. 492, 119 P. 1023, this court said:

"If one is to be charged with furnishing liquor, the facts constituting the furnishing should be pleaded. 'Furnishing' is a very indefinite term. Every sale is a furnishing, but not every furnishing is a sale."

It is not the province of the court to bring acts within the scope of the law simply because it may be thought that such acts fall within the spirit of the law. A penal statute will not be extended by implication or construction

to cases which may be within the mischief which the statute was designed to cure, if they are not at the same time within the limits of the act, fairly and reasonably interpreted.    Hence an act not expressly prohibited by such a statute cannot be reached by it, merely because it resembles the offense provided against, or may be equally and in the same way demoralizing or injurious.    Black Interp. Laws, 287.

To furnish is to provide or supply anything wanted by another, and necessarily carries with it the idea of ownership, property in, or dominion over the thing furnished by the one who furnishes.

To "sell" a thing is to part with the ownership thereof to the buyer for a compensation.

In the case of Siegel v. People, 106 Ill. 89, the court said:

"The word 'sell' has a well-known legal signification, and, in the absence of anything to the contrary appearing in the statute, we must assume that it is here intended to have that signification. * * *

"We cannot extend the terms of a criminal act beyond its clear legal meaning.    We cannot construe the word 'sell,' in such a statute, to mean something different from its ordinary legal import, and we can therefore only understand a prohibition against persons selling to minors to extend to those who, in legal estimation, occupy the position, and are under all the obligations of contractors with minors.    The prohibition against selling is only as to the excepted class, and no liability of a criminal nature is imposed upon the vendor on account of the motives with which the vendee shall purchase, or the uses to which he shall apply the liquor."

In the case of People v. Neumann, 85 Mich. 98, 48 N. W. 290, the Supreme Court of Michigan, distinguishing the Siegel Case, said:

"Our statute goes further than the Illinois law, and

punishes the 'furnishing' of liquor to a minor, and the furnishing of liquor is 'letting a minor have liquor,' and is something more than giving. A narrow and technical definition of the word 'giving' might restrict its meaning to the handing of the liquor to him direct by the person giving it, as seems to be held by the Supreme Court of Illinois; but it is not necessary that a person should hand the liquor to a minor in order to furnish it. If the liquor, belonging to the person, and under his control, is, by his consent or connivance, permitted to be taken and drunk by the minor, whether it is passed to him direct or through the hands of another, is immaterial: the liquor in either case is furnished to such minor, within the meaning of our statute."

The case of State v. Scoggins, 107 N. C. 959, 12 S. E. 59, 10 L. R. A. 542, is also cited by the Attorney General. In that case the bartender delivered the spirituous liquor to the buyer and his minor companion by placing the bottle and the glasses on the bar.

In the case of Bartman v. State, 38 Tex. Cr. 543, 43 S. W. 984, the Court of Criminal Appeals of Texas held:

"A seller of a glass of intoxicating liquor, delivering it to a minor at the purchaser's request, is not guilty of selling or giving it to the minor."

That learned and eminent jurist, Judge Davidson, said:

"We believe that the testimony excludes a sale to Bisland by the employee. The fact that he visited the saloon with Branson, who purchased the intoxicants, and participated in the drinking at Branson's request, would not make Bisland a purchaser. It may be that the jury convicted appellant because his employee, in response to Branson's request, set out the glass of beer to Bisland, believing this to be a gift by the employee to Bisland. If this was the theory upon which the conviction is predicated, it cannot be sustained. If there was a gift at all, it was from Branson to Bisland, and not from the employee. This was no more a gift to Bisland than it was to Branson. Branson paid for the drinks, and caused the beer to be given to Bisland. As the evidence presents this case to

us, there was neither a sale nor a gift by appellant or his employee to Bisland of the intoxicants, as alleged in the information."

It is for the Legislature to define crime, and to provide for its punishment. And the courts should not invade the domain of legislative authority and undertake by judicial interpretation to enlarge the meaning of the words of a penal statute beyond their natural import and legal signification, or attempt to read into it words which it does not contain, in order to reach a kindred mischief to the one which the statute clearly makes an offense, although the mischief which is sought to be reached may appear to fall within the spirit of the act.

In conclusion we simply add that a person accused of crime should have no greater burden than is created by the evidence produced against him on the trial.

It follows from what has been said that the court committed error prejudicial to the substantial rights of the defendant in giving the instruction objected and excepted to.

The judgment of the trial court is therefore reversed and a new trial granted.

BESSEY, P. J., concurs.

EDWARDS, J., absent.