FRED SMITH v. STATE.

No. A-5021.   Opinion Filed Oct. 27, 1925.
(240 Pac. 143.)

I. H. Lookabaugh, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that in Blaine county, on the 4th day of May, 1923, Fred Smith and Earl McRay did "unlawfully, willfully, and feloniously steal, take, and carry away in the nighttime, from the messuage and premises of F. E. Bissell and Rose Bissell, husband and wife, described as follows, to wit: The northwest quarter of the northwest quarter of section 24 in township 15 north of range 13 west of Indian meridian, on which premises the dwelling house of the said F. E. Bissell and Rose Bissell was then and there situated, 50 domestic fowls, to wit, 50 chickens, then and there owned by and in the possession of the said F. E. Bissell and Rose Bissell, and without the consent and against the will of said owners, and with the unlawful, willful, wrongful, and felonious intent of the said Fred Smith and Earl McRay to deprive the

owners thereof and to convert the same to the use and benefit of them the said Fred Smith and Earl McRay, contrary to," etc.

On the separate trial of the defendant, Fred Smith, the jury returned a verdict finding him guilty as charged in the information and assessing his punishment at imprisonment in the penitentiary for a term of three years and six months.

Upon arraignment the defendant interposed a demurrer to the information on the grounds that the facts stated do not constitute a public offense, and that the act charged as the offense is not stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case.

The overruling of defendant's demurrer is assigned as error, and it is urged that the information is insufficient, for the reason that the description of the property alleged to have been stolen is too indefinite and uncertain, and that it does not contain the allegation that a more complete and definite description is to the county attorney unknown.

The information was drawn under section 2119, C. S. 1921, which provides:

"Every person who shall take, steal and carry away any domestic fowl or fowls in the nighttime, from the messuage of another, or from the premises upon which the dwelling house of another is situated, and any person purchasing or receiving such domestic fowl or fowls, knowing them to have been stolen, shall be guilty of grand larceny, regardless of the value thereof, and upon conviction shall be punished by imprisonment in the penitentiary not exceeding five years, or by fine not exceeding two hundred dollars, or by confinement in the county jail not exceeding two months, or by both such fine and imprisonment."

It is well settled that, where the statute states the elements of the crime, it is usually sufficient either in an in-

dictment or information to charge such offense in the language of the statute. The true test of the sufficiency of an information is, not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged. The information follows closely the language of the statute, and we have no doubt whatever of its sufficiency.

Over the objection and exception of the defendant the court permitted Ellis Brand and Ebba Brand to testify concerning the loss and recovery of their chickens.

The evidence shows that on the night of May 4, 1923, 42 hens and 2 roosters were stolen from the Bissell place, 12 miles southwest of Watonga, in Blaine county; that the owner found tracks showing that a wagon coming from the north passed his place and turned east 150 yards south of his house into a road very seldom used, and stopped, where apparently the chickens were loaded into the wagon—the owner traced these tracks 3 or 4 miles north; that he notified the sheriff, and they found his chickens the next day in the possession of a poultry house at Canton, which was about 17 miles from the home of the defendant; that he also recognized several of Mr. Brand's chickens at the poultry house that were stolen on the same night.

The evidence shows that the defendants sold the Bissell and Brand chickens to the Canton poultry house the next day after they were stolen.

Ellis Brand and his wife, Ebba Brand, each testified that they lived on the adjoining farm to F. B. Bissell; that on the night Mr. Bissell's chickens were stolen 20 of their chickens were stolen, which they found a few days later at the Canton poultry house.

In Howard v. State, 9 Okla. Cr. 337, 131 P. 1100, it is held that:

"The contemporaneous possession of recently stolen goods may be admitted in evidence for the purpose of throwing light upon a particular larceny for which a defendant was then upon trial."

The rule is well settled that, when defendant's possession of property recently stolen is attempted to be accounted for, it is competent to show the defendant's contemporaneous possession of other stolen property. Davis v. State, 7 Okla. Cr. 322, 123 P. 560. It follows that the testimony objected to was properly admitted.

Fred Smith, as a witness in his own behalf, testified that he lived 5 miles east and 1 mile south of Eagle City, and that he did not leave his home on the night of the 4th day of May, 1923; that the next morning Jack Hicks, a horse trader, appeared at his place, and sold him 40 or 50 chickens; that he paid Hicks for them, and loaded them into his wagon and drove to Canton, and there sold them to the poultry house. Two or three members of the defendant's family testified in corroboration of his testimony.

It is also insisted that the court erred in giving the fifth and seventh instructions. It appears no instructions were requested by the defendant to be given, and no authority is cited in support of the objections made to said instructions 5 and 7.

We think the objections argued in the brief are without merit. The charge of the court was exceedingly fair, and it is the settled rule in this jurisdiction that it is sufficient if the instructions, taken as a whole, substantially present the law of the case.

Several assignments are based upon the alleged insufficiency of the evidence to support the verdict. Looking at the case upon the merits, it is impossible to find any ground for the interference of this court.

It is the province of the jury to determine questions of

fact depending upon conflicting evidence and to declare by their verdict what the truth is. It is no more the province of this court than of the trial court to determine controverted questions of fact arising upon conflicting evidence. Neither can lawfully usurp the appropriate functions of the jury, and neither can substitute its own judgment for that of the jury, where the facts are reasonably capable of diverse and opposing inferences. It is only where the evidence obviously does not warrant the inference of guilt that the court will interfere. We think the verdict of a jury based on circumstantial evidence comes to us as any other verdict; and, unless we can say that the inference of guilt drawn from the evidence was wholly unwarranted, we cannot interfere.

Having considered all the alleged errors presented in argument by counsel, we discover no ground for disturbing the judgment. It is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.