## F. O. STRONG v. STATE.

No. A-6353. Opinion Filed March 16, 1929.
(275 Pac. 385.)

Frank T. Gee, Massingale & Duff, and J. T. Bailey, for plaintiff in error.

Edwin Dabney, Atty. Gen., J. H. Lawson, Asst. Atty. Gen., and Seymour Foose, for the State.

CHAPPELL, J. The plaintiff in error hereinafter called defendant, was convicted in the district court of Blaine county of the crime of forgery in the second degree and his punishment fixed by the jury at one year in the state penitentiary.

The defendant was indebted to the American State Bank of Geary in the sum of $5,000, and the record discloses that at one time he was indebted to the bank in the sum of approximately $15,000; that the bank was not able to carry such a large loan against any one man, and the defendant was required to make arrangements to care for a portion of the amount, and in so doing he signed the name of his brother, S. J. Strong, to a note for $5,000 and indorsed the note and in this way canceled a portion of the indebtedness and received about $400 in cash in the transaction. The evidence clearly reveals the fact that the note in ques-

tion had been signed by the defendant using the name of "S. J. Strong," which was the name of his brother, and that the defendant had admitted at different times that his brother had nothing to do with the note. There is also evidence to the effect that the defendant admitted that the signature of his brother was a forgery and that his brother did not authorize it and that his brother was not responsible for it. There is also evidence in the record by persons familiar with the handwriting of S. J. Strong which is to the effect that the signature was not the signature of S. J. Strong, but that the signature was in the handwriting of the defendant, F. O. Strong. There is ample evidence in the record to support the verdict of the jury, and the defendant is not entitled to a reversal unless the record discloses errors of law fatal to the case.

The first assignment of error presented in the brief of defendant is that the amended information is duplicitous.

The offense of having possession is defined by section 2080, C. O. S. 1921. The salient features of the definition of the offense are: "Any person who has in his possession any forged * * * instrument, * * * knowing the same to be forged * * * with intent to injure or defraud by uttering the same to be true."

The offense of selling a forged instrument is defined by section 2078, C. O. S. 1921. The salient features of this definition are: "Any person who sells * * * for any consideration any forged * * * promissory note, * * * knowing the same to be forged, * * * with intent to have the same uttered or passed."

The information starts out by alleging: "He, the said F. O. Strong, then and there having in his possession * * * certain forged * * * instrument in writing, commonly called a promissory note." The informa-

tion then sets out a copy of the note and the indorsements, and alleges that the defendant "then and there well knowing said promissory note to be forged," and sets out the nature of the forgery; then, proceeding, said: " * * * Did sell said promissory. note |to American State Bank of Geary, Oklahoma, for the sum of $5,000.00, with the unlawful, felonious, and fraudulent intent of him, the said F. O. Strong, then and there the said forged and counterfeited note to utter and pass as true, and to cheat, injure, and defraud the American State Bank."

The information sets up a sale of the forged instrument by the defendant to the American State Bank, and nothing more. The allegation, "then and there having in his possession," is a preliminary introduction to the charge of the elements of the crime, and was intended only to show that the defendant by having physical possession of the note was in a position to sell and deliver the same. The charge of the unlawful, felonious, and willful act is in connection with the allegation that the defendant did sell the promissory note, and the intent alleged follows the allegation of selling and refers only to such selling.

The intent, to wit, "the said forged and counterfeited note to utter and pass as true," is the intent defined by section 2078, and not the intent defined in section 2080, to wit: "Intent to injure and defraud by uttering the same to be true." The information further alleges, "and to cheat, injure, and defraud the American State Bank," but this is merely the stating of the intent in the conjunctive. The defendant may have more than one intent in the commission of the crime, and such intent may be set out in the conjunctive without making the information duplicitous.

In the case of Wilborn v. State, 26 Okla. Cr. 437, 224 P. 214, Mr. Justice Bessey recites that the defendant was "* * * charged with having in his possession a certain forged and counterfeited promissory note and with having, on the 1st day of May, 1918, unlawfully and knowingly offered this promissory note for sale to the First National Bank of Woodward, and with having on that date uttered and transferred to this bank as a true and valid instrument said counterfeit note."

The court further says:

"It is alleged in the information that the defendant knowingly and feloniously offered this promissory note for sale to the First National Bank of Woodward, for the sum of $756.45 in money, with the unlawful and felonious intent to utter and pass this note as true. The prosecution seems to have been predicated upon the provisions of section 2078, Comp. Stat. 1921, as follows:

" 'Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree.'

"Numerous assignments of error are urged in defendant's brief. Among other things, it is contended that the proof did not support the allegation of the information that the defendant offered this note for sale, or that it was sold to the Woodward bank in violation of this or any other statute. This claim seems to be based upon the fact that the defendant

received no money; that the note was executed and delivered to satisfy the bank for a past and closed financial transaction; and that in that sense it was not a sale or offer for sale and not within the provisions of the statute. We acknowledge that in a technical sense this might be true, but this court does not favor reversals upon mere technicalities. The language of the statute, 'Any person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note,' etc., indicates that it was the intention of the lawmakers that it apply to transactions of this nature. The information might have been drawn more specifically in this regard, but we think the information was sufficiently explicit to apprise the defendant of the nature of the charges he would be called upon to meet. Just why the defendant resorted to this fraud and deception to meet an obligation for which he was in no way criminally liable does not appear, but the evidence is conclusive that he did exchange or deliver this spurious note to the Woodward bank for a past consideration, and that he did so for some fraudulent purpose."

In the case of State v. Klugherz, 98 N. W. 99, paragraph 2 of the syllabus (91 Minn. 406, 1 Ann. Cas. 307), this court says:

"The making of a forged written instrument and the uttering of it by the same person, at the same time, as one transaction, constitute but one offense."

Under the facts as set forth in Wilborn v. State, and State v. Klugherz, the contention of the defendant that the amended information was duplicitous and unintelligible was properly overruled.

The defendant next complains that the court erred in giving instructions Nos. 4 and 5. From a careful examination of the record we are unable to find where the defendant took any exceptions to these instructions or any of the instructions. The first objection shown in the record of the instructions is shown

in the motion for new trial. If the defendant desired to raise the question of the sufficiency of the instructions he should have excepted to the instructions at the proper time and saved his exceptions in the record. Under the record as it appears in this case, this court is without authority to review the correctness of the instructions given.

The final error complained of which the court deems it necessary to notice is that the verdict of the jury is not supported by the evidence. In Harrison v. State, 10 Okla. Cr. 210, 135 P. 948, this court laid down the rule as set forth in the syllabus of this case. That rule has been reaffirmed in the late case of Mose Jackson v. State, 42 Okla. Cr. 86, 274 P. 696, and the question is no longer an open one with this court.

The evidence being ample to support the verdict of the jury and no sufficient errors of law appearing upon the record to justify a reversal, the cause is affirmed.

DAVENPORT, J., concurs.

EDWARDS, P. J., not participating.