## JOE OLDHAM v. STATE.

No. A-6563. Opinion Filed May 4, 1929.
(277 Pac. 254.)

Norman H. Wright, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county for contaminating the waters of the North Canadian river by depositing, placing, throwing, and permitting to be placed in said waters certain contaminating substances commonly known as dynamite, and his punishment fixed by the jury at 90 days in the county jail.

The defendant for his first ground of error contends that the information is insufficient to charge a public of-

fense against the defendant. Section 2756, C. O. S. 1921, provides among other things that a motion in arrest of judgment may be founded on any of the defects in the indictment or information mentioned as grounds of a demurrer, unless such objection has been waived by a failure to demur.

By section 2616, C. O. S. 1921, it is provided that any defect that appears on the face of the information "can only be taken by demurrer, except * * * that the facts stated do not constitute a public offense, may be taken * * * in arrest of judgment."

So that it appears from the statutory provisions of this state that the only question raised as to the insufficiency of the information is the question of whether or not the said information states a public offense.

As to the manner of stating a public offense, and as to when an information sufficiently states the offense, this court, in the case of Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635, held:

"The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

In the case of Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102, it is said:

"The common-law doctrine of a strict construction of criminal law and all proceedings in criminal cases, and that an indictment should be certain to a certain intent in every particular, is not in force in Oklahoma."

Furthermore, it has been repeatedly held by this court that:

"Where the statute states the elements of a crime, it is generally sufficient either in an indictment or information, to charge such crime in the language of the statute."

Robinson v. State, 8 Okla. Cr. 667, 130 Pac. 121; Smith v. State, 32 Okla. Cr. 121, 240 Pac. 143; Abrams v. State, 13 Okla. Cr. 13, 161 Pac. 331; Rhodes v. State, 30 Okla. Cr. 20, 234 Pac. 645.

The offense charged here is purely statutory, and the statute sets out the acts constituting the offense, and the information substantially follows the language of the statute, and the information is good and sufficient to comply with all the requirements of the statutes of this state respecting statutory offenses and sufficiently states this particular offense as the statute was construed by this court in the case of State v. Wheatley, 20 Okla. Cr. 28, 36, 37, 200 Pac. 1004.

It is next contended that the evidence is wholly insufficient to sustain the judgment. In the case of Strong v. State, 42 Okla. Cr. 248, 275 Pac. 385, in paragraph 2 of the syllabus, this court said:

"When the evidence disclosed by the record tends reasonably to support the verdict of the jury, such verdict will not be disturbed by this court on appeal."

It is next contended that the trial court erred in admitting certain incompetent evidence. It appears from the record that the evidence of throwing dynamite in the Canadian river on June 20th was inadvertently admitted upon the supposition that that was the case being tried against the defendant. There appeared to have been a mistake by the clerk in numbering the informations. When the mistake was discovered the trial court said, "The testimony introduced so far will be stricken, is that what you wish to do?" The county attorney answered, "Let

it stand for the purpose of showing intent." Defendant's counsel then objected to this testimony as being testimony relating to a crime alleged to have been committed on a date other than the date alleged in the information. This objection was overruled by the court, and defendant's counsel then announced, "However, we have no objections to its staying in the record." Defendant thereby waiving the objection. The state then offered evidence of other witnesses tending to prove the throwing of dynamite in the Canadian river on the 20th day of June, without objection on the part of defendant until the conclusion of the trial, when a motion was made to exclude all this testimony.

In the case of Ford v. State, 5 Okla. Cr. 240, 114 Pac. 273, it is held:

"A defendant on trial should protect his rights by proper objections and exceptions in the trial court. Unless this is done, he will not be heard to complain here except on fundamental errors."

The case of Meiggs v. State, 16 Okla. Cr. 557, 187 Pac. 450, held:

"Admission of evidence which is not objected and excepted to will not be reviewed on appeal by this court unless it constitutes fundamental error."

It is finally contended that the trial court erred in giving a certain instruction on the law of alibi and in refusing the defendant's requested instruction on this subject. Neither the instruction given nor the instruction requested is correct. Counsel for defendant consented that the trial court might instruct the jury orally in this case, and there is nothing in the record to show that prior to the giving of such oral instruction there was any written request that the trial court instruct on the subject

of alibi. So far as the evidence is concerned, there is really no proof sufficient to require the giving of an alibi instruction in this case. The defendant only claims that he was asleep in his father's barn on his father's farm at the time of the commission of this offense, and as such place is only three-fourths of a mile distant from the place where the dynamiting occurred, it is apparent that it would not take the defendant more than a few minutes to get from the barn to the river, and none of the witnesses for the defendant claimed to have been awake all night, the night this alleged dynamiting took place, and that the defendant was in the barn during the entire night.

Under section 2822, C. O. S. 1921, this court is not permitted to reverse a judgment of conviction because of any ground of misdirection of the jury, unless it appears from the entire record that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right.

From an examination of the whole record we are unable to see that the instructions as a whole do not substantially state the law of the case. Owing to the fact that some incompetent evidence was admitted which might have tended to prejudice the minds of the jurors against the defendant, the court is of the opinion that the cause should be affirmed, but that the punishment should be reduced to 30 days in the county jail.

The cause is therefore modified and affirmed, and the punishment fixed at 30 days in the Oklahoma county jail.

EDWARDS, P. J., and DAVENPORT, J., concur.