## J. B. GUERIN v. STATE.

No. A-6550.   Opinion Filed May 18, 1929.
(277 Pac. 601.)

Sigler & Jackson, for plaintiff in error.

F. M. Dudley, Co. Atty., and Marvin Shilling, Asst. Co. Atty., for the State.

CHAPPELL, J: The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county for a second and subsequent violation of the liquor law, and his punishment fixed at a fine of $50 and the costs of prosecution, taxed at $78.20, and confinement in the county jail of Carter county for 60 days. The record discloses that on the 18th day of January, 1926, the defendant was charged with the crime of unlawful and felonious possession of a still, mash, and wort, and that he had heretofore on the 24th day of March, 1924, in the county court of Carter county been convicted of the crime of unlawful manufacture of whisky.

The defendant complains that the court erred in its instructions to the jury. In the case of Tritthart v. State, 35 Okla. Cr. 41, 247 Pac. 1111, this court said:

"Where the instructions as a whole, considered and construed together, contain no fundamental error nor misstatement of law calculated to mislead the jury to the injury of the defendant, the judgment will be affirmed."

The instructions in the case at bar fairly state the law of the case and contain no substantial error requiring a reversal of the case.

The defendant next complains that the court erred in taking from the jury the testimony of the witnesses Lindsey, Fry, and Sanders, who testified for the defendant. Defendant undertook to prove by these witnesses that the venue of the action was not in Carter county but in Johnston county. These witnesses testified that they visited the spot where it is said the still was captured by the officers several days after the service of the search warrant, and that, if the place they saw was the location of the still, it was in Johnston county. This evidence was incompetent for the reason that each of the witnesses admitted that they did not know where the still was captured, which constituted the charge upon which the defendant was being tried.

The evidence is sufficient to support the verdict of the jury, and, the errors of law complained of being without merit, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.