ISAIAH CARTER et al. v. STATE.

No. A-6576. Opinion Filed July 13, 1929.
(279 Pac. 690.)

W. B. Toney, for plaintiffs in error.

Tom H. Fancher, Co. Atty., and Lynn Adams, Asst. Co. Atty., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Hughes county on a charge of having possession of whisky with intent to barter, sell, give away, and otherwise furnish the same, and were each sentenced to pay a fine of $100 and to each be imprisoned in the county jail for 90 days. The case is now on appeal in this court.

O. E. Martin, a witness for the state, testified that he was a special deputy sheriff; that he saw a Ford roadster going south meet a Chevrolet car, and that they stopped when they met; that he thought the parties were stealing gas, and slipped up on them, and found Calvin Wheat and Arthur Smith pouring whisky from a half-gallon fruit jar into a half-pint bottle; that he took the whisky from them and searched Wheat and Smith and the defendants, Carter and Martin; that he found two one-half gallon jars of whisky in a sack near the car. Calvin Wheat and Arthur Smith testified that they met the defendants in the road and had purchased some whisky from them and were in the act of transferring the whisky from the possession of the defendants to themselves at the time the deputy sheriff arrested them. The defendants denied that they were selling any whisky, and claimed that the whisky belonged to Wheat and Smith.

The defendants, Martin and Carter, were charged jointly with Wheat and Smith with the possession of the liquor in controversy. The first error complained of is that the court erred in permitting the county attorney to endorse on the information the names of Arthur Smith and Calvin Wheat as witnesses to be used against the defendant. It appears from the record that the defendants Calvin Wheat and Arthur Smith requested a severance, that the county attorney agreed to this request, and

that a severance was granted. The defendants contended that the endorsement of these witnesses on the information and the granting of the severance was prejudicial error. It appears from the case-made that the following proceedings were had:

"By the Court: The names of the witnesses mentioned in defendants' motion with the exception of Arthur Smith and Calvin Wheat are already endorsed on the complaint, and the court will now ask the defendants to show cause as to how he would be prejudiced by the endorsement of these witnesses on the information.

"By Mr. Toney: To which ruling of the court the defendant excepts.

"By the Court: Mr. Toney have you any evidence to offer as to how you would be prejudiced by the endorsement of these witnesses on the information?

"By Mr. Toney: We have had no opportunity to prepare a defense and be prepared in court since their endorsement.

"By the Court: Let the record show that the county attorney is given permission to endorse the names of Arthur Smith and Calvin Wheat on the information as witnesses, and that the defendants are given an opportunity to show cause as to how they would be prejudiced thereby, and on failure of defendants to make any showing his objection is overruled, and his motion for continuance is overruled."

In the case of Cloud v. State, 41 Okla. Cr. 395, 273 Pac. 1012, this court said:

"Every defendant jointly indicted or informed against is charged, under the statute, with notice that the state may, if it so desires, use a codefendant as a witness against him. The appearance of the name of a witness, on the face of the information as a codefendant, answers every requirement of the statute, that the name of the witness be endorsed on the information before trial."

The trial court did not err in permitting a severance. It being necessary to endorse the names of the joint defendants on the information, the motion for continuance was properly overruled.

The defendant next complains that the court erred in refusing to give certain requested instructions. An examination of the record discloses that the instructions given by the court correctly stated the law, and the court did not err in refusing to give the requested instructions.

In the case of Guerin v. State, 43 Okla. Cr. 172, 277 Pac. 601, this court said:

"The instructions must be considered as a whole, and when considered all together, if they fairly and correctly state the law applicable to the case, they will be sufficient."

The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.