## JIM HUTCHINSON et al. v. STATE.

No. A-6915.  Opinion Filed Nov. 23, 1929.
(282 Pac. 694.)

John L. Hodge, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Carter county on a charge of having unlawful possession of intoxicating liquor with intent to convey the same, and their punishment fixed at a fine of $100 and confinement in the county jail for a period of 60 days for each of them.

The defendants contend, first, that the information was insufficient to charge an offense.  The state charged the defendants in the first count with the possession of ten gallons of corn whisky, with intent to sell, barter, give away, or otherwise furnish the same, and in the second count charged the defendants with the possession of ten gallons of whisky with the intention of conveying the same from Healdton, Okla., to another point in the state of Ok-

lahoma, to the informant unknown. The defendants demurred to this information, and the same was overruled by the court. When the state had offered its evidence, it elected to prosecute upon the second count. The defendants contend that the information is void for uncertainty and insufficient to support the verdict of the jury. This information charged but one offense; that of possession. The first count merely alleges, in addition, that the defendants intended to sell the same, and the second count charges the defendants with intent to transport the same. It is the unlawful possession that is charged. The defendants might have had the intent to transport and also have had the intent to sell. The words, "second count" will be treated by the court as surplusage, since the information charges but one offense. Where a statute defines an offense and enumerates disjunctively the different acts or things which constitute the offense, all of such acts may be charged in a single count, conjunctively, since, though each by itself may constitute the offense, all together do no more, and constitute but one and the same offense. Davis v. State, 40 Okla. Cr. 231, 267 Pac. 674; Berry et al. v. State, 44 Okla. Cr. 150, 279 Pac. 982.

The defendants next contend that the court erred in overruling their demurrer to the evidence, because it was insufficient to prove possession of whisky with intent to convey the same. That part of section 7002, C. O. S. 1921, pertinent to the issue in this case, reads as follows:

"Or to have the possession of any such liquor with the intention of violating any of the provisions of this chapter."

Section 7002, supra, makes it unlawful for any person to manufacture, sell, barter, give away, or otherwise furnish, or to ship or in any way convey such liquors from

one place within this state to another place therein, or solicit the purchase or sale of such liquors or to have possession of the same with intention to violate any of the provisions of this chapter. The evidence introduced by the state was sufficient to establish the offense of unlawful possession with intent to violate section 7002, supra, and the court properly overruled the defendants' demurrer and motion for a directed verdict.

The defendants next complain that the court erred in giving instruction No. 5. Standing alone, instruction No. 5 would not be sufficient, but, considered all together, the instructions properly state the law of the case. Oldham v. State, 43 Okla. Cr. 108, 277 Pac. 254; Guerin v. State, 43 Okla. Cr. 172, 277 Pac. 601; Richerson v. State, 43 Okla. Cr. 293, 278 Pac. 356.

Defendants complain of other errors, but an examination of the record discloses that they are without merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.