COURTLAND E. MURRAY v. STATE.

No. A-8606. Jan. 12, 1934.

(28 Pac. [2d] 718.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Woodward county of the crime of embezzlement, and his punishment fixed by the jury at a fine of $1 and imprisonment in the state penitentiary for a period of one year.

The evidence of the state was that defendant had been treasurer of Webster township in Woodward county

for a number of years, and that he received from the county treasurer of Woodward county, from time to time during a period of three years prior to the commencement of this prosecution, moneys belonging to Webster township from taxes collected by the county treasurer of Woodward county and paid over to him, as evidenced by proper warrants, in the aggregate sum of over $15,000; that an audit of the books disclosed he was short in excess of $6,000, and that he had failed to pay over or satisfactorily account for this money to his successor in office; that defendant had paid out money on checks against the township funds to various persons without any claim having been filed therefor with the township board, or any warrant issued for the payment of the same; that some of those to whom checks were issued testified they had never performed any services for the township nor had furnished the township any material, nor had ever filed a claim with the township board for any money paid to them by defendant, although they had performed services for defendant at different times on his own farm and had furnished provisions to him, individually.

Defendant, testifying for himself, admitted he had executed the checks introduced by the state, but claimed they were for services rendered to the township; that, by permission of the township board, he, as treasurer, paid the bills, and at the next meeting of the board the same were allowed and warrants issued for them to defendant; that, while this was irregular, he had not personally received any of the money; that, when his term of office expired, he had on hand $7.37 which he tried to turn over to his successor in office, but this was refused until an audit could be made.

He contends the evidence is insufficient to support the verdict of the jury.

There is no merit in this contention, and the cause must be affirmed, unless the errors complained of require a reversal.

It is next contended the court erred in overruling defendant's demurrer to the information.

His counsel argue the offense is charged under sections 2122, 6357, and 10964, C. O. S. 1921, thereby charging more than one offense. An examination of the information discloses the state charged defendant with a violation of section 2029, C. O. S. 1921, which relates to public officers and makes it a felony: First, to appropriate to his own use or to the use of any other person public moneys coming into his hands; second, to receive, directly or indirectly, any interest, profit, or perquisites arising from the use or loan of any public moneys; third, to knowingly keep any false account or make any false entry or erasure in any account or relating to any public moneys received by him; fourth, to fraudulently alter, falsify, cancel, destroy, or obliterate any such account; fifth, to willfully omit or refuse to pay over to his successor in office any money remaining in his hands at the end of his term of office.

The information, while not artistically drawn, does allege sufficient to bring it within the terms of section 2029, supra.

Where a statute defines an offense, and enumerates disjunctively the different acts or things which constitute the offense, all of such acts may be charged in a single count, conjunctively, since, though each by itself may constitute the offense, all together do no more, and constitute

but one and the same offense. Hogan v. State, 42 Okla. Cr. 188, 275 Pac. 355; State v. Williams, 44 Okla. Cr. 430, 281 Pac. 321; Hutchinson v. State, 45 Okla. Cr. 230, 282 Pac. 694.

Measured by these authorities, the information was not duplicitous, and the demurrer was properly overruled.

It is next contended the court erred in instructing the jury on the law of the case.

An examination of the record discloses the court instructed the jury as to the law of the case under section 2029, supra. The information being drawn under such section and the evidence of the state supporting the charge, it was not error for the court to give the instructions complained of.

No sufficient reason appearing to require a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.