## H. H. DELANO v. STATE.

No. A-8802.   March 22, 1935.
Rehearing Denied May 3, 1935.
(47 Pac. [2d] 213.)

Lester & Briggs, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of grand larceny, and sentenced to serve a year in the state penitentiary.

Burt Self, a witness for the state, in substance testified he lived near Seminole, Okla.; that he was shop foreman for the Seminole Supply Company, and had been for two and one-half years. On August 9, 1933, the supply company lost eight boomers and chains of the value of $65 to $80. The property was taken from the yards of the Seminole Supply Company. They were found the next morning in a field in a bunch of weeds on the opposite side of the road from the supply company house. Watch was kept over them, and some time that evening after dark the defendant drove up in a Packard car where the property was located, parked the car, and turned the lights out. The witness Self testified he got a shotgun and went out to the corner of the fence. The defendant made several trips into the field and loaded the chains and boomers into his car. The witness and defendant had some conversation, and defendant got into his car and drove rapidly away. Witness fired his shotgun into the back end of the car but the defendant kept going. The witness secured the officers and went to the home of the defendant, where they found the car that had been shot into. They did not find any of the stolen property.

The defendant admitted he stopped near the place where the prosecuting witness testified he did, but stated he had been to the home of a party who owed him some money, and, as he was returning home, nature demanded him to stop, and he drove off the pavement for the purpose of getting out of sight, and denied he had anything to do with the taking or handling of the property taken from the supply company yard.

Virgil Stubbs was called as a witness, and testified the defendant came to his house the evening of August 9, 1933, to collect some money he owed him; it was about 8

or 8:30 when he left. This is the substance of the testimony.

The defendant in his petition in error alleges several errors as grounds for reversal; the third assignment being: "That the verdict and judgment passed thereon was not supported by the evidence, and was and is contrary to law."

The defendant in his argument discusses only the question of the evidence being insufficient to sustain the verdict and judgment. The testimony in this case is conflicting. Witness Self positively identifies the defendant as being the party who came and loaded the property in the car and went off with it.

In Pickett v. State, 35 Okla. Cr. 60, 248 Pac. 352, this court said: ·

"Where the evidence and the reasonable and logical inferences and deductions to be drawn from it are sufficient to convince the jury beyond a reasonable doubt of the guilt of a defendant, this court will not disturb the verdict for insufficiency."

In Choate v. tSate, 37 Okla. Cr. 314, 258 Pac. 360, this court held:

"Where there is competent evidence which reasonably sustains the verdict and judgment, a conviction will not be reversed, although the evidence may be conflicting or different inferences may be drawn from it."

In Strong v. State, 42 Okla. Cr. 248, 275 Pac. 385, this court said:

"When the evidence disclosed by the record tends reasonably to support the verdict of the jury, such verdict will not be disturbed by this court on appeal."

In Campbell v. State, 23 Okla. Cr. 250, 214 Pac. 738, this court held:

"Conflicting issues of fact are for the sole determination of the jury. The conviction will not be disturbed on appeal because of sharp conflicts in the evidence, if the evidence adduced reasonably tends to support the verdict and judgment." Underwood v. State, 36 Okla. Cr. 21, 251 Pac. 507.

The testimony on behalf of the state is positive that the defendant is the man who came and hauled the stolen property away, the evening after it had been stolen and located on adjoining property. The defendant denied he removed the property as stated by the witness for the state. The jury, in rendering its verdict, evidently believed the testimony of the defendant. This defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts. There are no errors in the record warranting a reversal.

The judgment is affirmed.

DOYLE, J., concurs. EDWARDS, J., not participating.