## H. E. BOUCHER v. STATE.

No. A-733. Opinion Filed November 25, 1911.

(118 Pac. 1102.)

1. **INDICTMENT AND INFORMATION**—Joinder of Offenses. The offenses of selling and giving away whisky, when committed by the same person at the same time, may be joined in the information or indictment as constituting but one offense; and proof of either of these acts will sustain a conviction.

2. **NEW TRIAL** — Appeal — Review — Insufficiency of Evidence. Where there is any evidence in the record from which a jury could legitimately arrive at the conclusion that the appellant is guilty, a new trial will not be granted on the ground of the insufficiency of the evidence, unless it be made to appear by the record that the jury was influenced by improper motives in convicting the appellant.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court; Sam Hooker, Judge.*

H. E. Boucher was convicted of violating the prohibitory law, and appeals. Affirmed.

*Giddings & Giddings,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. The information charged appellant with the crime of bartering, selling, and giving away intoxicating liquor, to wit, whisky, to one J. C. Hopewell.

In the case of *Antonnelli v. State,* 3 Okla. Cr. 580, 107 Pac. 951, in an opinion by Judge Owen, this court held that the offenses

of selling and giving away whisky, when committed by the same person at the same time, might be joined in an information or indictment as constituting but one offense; and that proof of either of the acts mentioned in the information or indictment would sustain a conviction. In the case at bar, the evidence does not show, as a matter of fact, that appellant received any money for the whisky which it was testified was furnished by him to the party named in the information.

The testimony of M. M. Murray was as follows:

"Q. You are a police officer? A. Yes, sir. Q. And were on the 19th day of January, 1909? A. Yes, sir. Q. I ask you if you know the defendant in this case, H. E. Boucher? A. Yes, sir; I have been raiding in there, and he has been in there. (Defendant objects as to what he has been doing in there, and moves to strike out the answer.) Q. I will ask you how you came to get acquainted with him? A. Through my work. Q. What kind of work? (Objected to as incompetent, irrelevant, and immaterial. Objection sustained, and exception noted.) Q. Did you see him on the 19th of January, 1910? A. Was that the date in question? I don't exactly remember the dates. Q. Did you swear to the complaint in this case? A. Yes. Q. The date you swore to the complaint, did you see him? A. Yes, sir. Q. Where did you see him on that date? A. 215 South Robinson. Q. What was he doing, if anything, at the time you saw him? A. He was in the building there, and I was on the outside when I saw him. He was standing around there quite a while until some fellow came in, and he handed him a bottle, and the fellow took a drink, and I came around and got the bottle. Q. Do you know what was in that bottle? A. Yes, sir."

The witness further testified that after having secured the bottle given by appellant to the party named in the information he tasted it; that the bottle contained whisky. W. M. Patch, who was also a policeman, testified to the same facts that were testified to by M. M: Murray.

This evidence, if true, clearly proves that appellant either gave or sold J. C. Hopewell whisky on the occasion charged in the information, and under the law it is immaterial as to whether this whisky was a sale or gift from appellant to said Hopewell. It is true that appellant and Hopewell both directly

contradicted the testimony of the witnesses for the state. This conflict in the evidence was a question for the jury to settle, and, they having found in favor of the testimony of the state, we cannot disturb the verdict.

We find that the charge of the court was in all respects correct. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG and DOYLE, JJ., concur.