## WILL JACOBS v. STATE.

No. A-4814.   Opinion Filed Feb. 4, 1925.
(232 Pac. 861.)

(Syllabus.)

**Continuance—Time of Trial When Arraignment for Misdemeanor Waived and Plea Entered.** In a misdemeanor case, when arraignment is waived and plea entered, the case it at issue, and stands for trial, unless it be made to appear to the court that the defendant requires time to prepare his defense.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Will Jacobs was convicted of transporting intoxicating liquors, and he appeals. Affirmed.

W. W. Momyer, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

EDWARDS, J. The only question raised by plaintiff in error in his brief is that he was not allowed sufficient time to prepare for trial. The information was filed on the 11th day of June, 1923. On the 25th day of June the plaintiff in error and his codefendant appeared in the county court, waived formal arraignment, and entered pleas of not guilty, both being represented by attorney, and made a request for a severance which was denied. A motion was filed to strike the case from the trial calendar in the following language:

"Comes now the defendants herein and moves this honorable court to strike this the above-styled cause from this setting, for the reason that said cause was set for trial before the expiration of ten days after the issue was joined; that said defendants have not had sufficient time to prepare for trial."

The motion was overruled, the case tried, and the plaintiff in error convicted, and his codefendant was acquitted. In the motion for a new trial the following is assigned as error:

"(1)   The court erred in not sustaining motion of said defendant to strike said cause from the present setting."

The only complaint presented is that the court erred in proceeding with the trial of the case after plea of not guilty on June 25th, and the attention of the court is called to the cases of Noel v. State, 17 Okla. Cr. 308, 188 P. 688, and Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464. These were all felony cases in which the death penalty had been assessed. The same strictness in pleading does not obtain in a misdemeanor case.

In Westbrook v. State, supra, it was said:

"* * * No felony case should be set over the objection of the defendant within ten days after his plea is entered."

The question here is:

"Where no showing is made of inability to be ready is it reversible error to put a defendant in a misdemeanor case on trial within ten days from date of plea?"

When the plea was entered the issue was made, and we do not perceive why the case might not be at once assigned for trial. If the time assigned for trial is too short to enable a defendant to present his defense, he should make that fact known to the court by an application for a continuance, setting out the facts. It would

be an abuse of discretion for a trial court to deny a defendant under such circumstances time to prepare his defense if a proper showing is made. Where such is not done, it is not reversible error on the part of a trial court in a misdemeanor case to at once assign the same for trial.

The judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.