## J. L. HANCOCK v. STATE.

No. A-5342. Opinion Filed Dec. 29, 1925.

(241 Pac. 1108.)

48

[redacted]

Sigler & Jackson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction, rendered on the verdict of a jury finding the defendant, J. L. Hancock, guilty of transporting intoxicating liquor as charged in the information, second offense, and fixing his punishment at a fine of $250 and imprisonment in the penitentiary for a term of five years at hard labor. The information charged that:

"Anterior to this presentment, the said J. L. Hancock was duly charged by information in the county court of Carter county with the unlawful possession of intoxicating liquor, and that on April 3, 1922, the said J. L. Hancock entered his plea of guilty and was convicted and sentenced by said court. That subsequent to the above conviction the said J. L. Hancock, in the county and state aforesaid, did willfully, unlawfully, and feloniously commit the crime of transporting intoxicating liquor, to wit, one-half gallon of corn whisky, on and upon the public highway of Carter county, the highway running from the city of Ardmore to the hangars, north of the city, from a point on said highway to a point unknown to informant."

The evidence shows that on the night of January 4, 1924, there was a dance at the home of the defendant, and E. J. Cowles, deputy sheriff, and Cliff Keirsey, concealed

themselves nearby; about 11 o'clock a car came up to the house, and the defendant got out of the car; Officer Cowles searched him and found nothing; Frank McPheteridge, who was driving the car, got out on the other side and had a half gallon of whisky; the officers arrested the occupants of the car.

The evidence offered to show a former conviction is as follows:

Mrs. Fay Wallace, deputy court clerk, testified:

"The appearance docket shows that on April 3d the defendant pleaded guilty and was fined $50 and 30 days in jail."

The defendant moved to strike the answer as incompetent, irrelevant, and immaterial.

"The Court: Overruled. This is being admitted on the statement of the county attorney that he would introduce the journal also."

She then produced the files in the case of State v. L. J. Hancock, including the information charging L. J. Hancock with the possession of 3 1-2 gallons of whisky with the unlawful intent to sell the same, stating that she was not present when the plea of guilty was entered, and did not know whether "L. J. Hancock" and "J. L. Hancock" were the same person; that Judge Winfrey, deceased, was judge at the time, and all she knew was just through Judge Winfrey, who gave her this plea himself after court; that there was no journal entry of judgment of conviction ever entered: that J. L. Hancock paid the fine in the "L. J. Hancock" case.

At the close of the state's case, there was a motion for a directed verdict by the defendant, in the form of a demurrer to the evidence. In response to this the court said:

"The demurrer is overruled, and your exceptions allowed. Unless a complete record is shown, that this man

did make that plea, and show that he paid that fine and served his time in jail, I will sustain the demurrer later on.

"The County Attorney: We have already shown, your honor, that he entered his plea, paid his fine, and served his jail sentence.

"The Court: All right. What says the defendant?

"Mr. Sigler: The defendant rests, and excepts to the refusal of the court to direct a verdict of not guilty."

In view of the state of the record offered to prove a former conviction, it is manifest that no proper proof of a former conviction was made in this case. In Martin v. State, 30 Okla. Cr. 49, 234 P. 795, the precise question here presented was determined. The reason for the rule and the authorities in support of it are there fully given, and it is useless to here repeat them. It follows that a motion for a directed verdict should have been sustained.

Error is assigned on improper remarks of the county attorney and his assistant in their arguments to the jury, and the rulings thereon of the trial court. It appears that, in the course of his closing argument for the state, the county attorney used the following language:

"Mr. McPheteridge lives in this county, and why don't they have him here to exonerate Hancock?"

The objections of counsel for the state were by the court overruled and the county attorney directed to "go ahead."

The rule is well established in this state that it is error for the prosecuting attorney in argument to refer to the fact that a codefendant had not been called as a witness. Hopkins v. State, 11 Okla. Cr. 385, 146 P. 917.

It would serve no useful purpose to consider the remaining assignments of error.

For the reasons stated, the judgment of the lower court is reversed.

BESSEY, P. J., and EDWARDS, J., concur.