## J. O. DAVIS v. STATE.

No. A-6004. Opinion Filed March 24, 1928.
Rehearing Denied June 9, 1928.
(267 Pac. 674.)

McKeever, Moore & Elam, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of violating the state banking laws, and was sentenced to serve a term of five years in the state penitentiary.

The prosecution is under section 4178, Comp. St. 1921, which, in substance, provides that every officer of any bank who embezzles, abstracts, or willfully misapplies the moneys or property of any bank with intent to injure or defraud or to deceive any officer of the bank or the bank commissioner is guilty of a felony. The section further provides that the principal offender and those aiding and abetting may be charged in the same count, and that separate offenses may be charged in separate counts in the same indictment.

It appears from the record that defendant at and for a long time prior to the time charged was cashier of the American State Bank of Geary. He was also a partner with one P. P. Krehbiel, doing business as Krehbiel & Co., engaged in the drilling of oil wells and dealing in leases and acreage. Krehbiel & Co. had considerable business transactions with the bank, and, through one T. P. Little, borrowed money from the bank at dif-

ferent times. These transactions were merged, and, on November 28, 1921, Krehbiel & Co. obtained $4,000 of the bank's funds by combining and closing two items represented by two notes executed prior thereto by T. P. Little, acting for Krehbiel & Co. This banking transaction is somewhat involved, and we deem it unnecessary to state it at length. The prosecution was commenced by filing a complaint on October 13, 1924, on which a preliminary was had and the information was filed in the district court on November 14, 1924. Defendant did not take the stand, and offered no evidence except to previous good reputation.

The information contains two counts, each pleading fully the procuring from the bank the sum of $4,000 by Krehbiel & Co. through a loan represented by two notes signed by T. P. Little in the sum of $2,000 each. The first count alleges the moneys were procured with the unlawful, willful, and felonious intent to injure and defraud the American State Bank, with the intent on the part of said J. O. Davis to loan said money to the partnership of which he was a member. The second count makes substantially the same allegation, but that same was done with the felonious intent to deceive the bank commissioner of the state of Oklahoma. A demurrer challenging the information in all its phases was interposed and overruled. The verdict found defendant guilty on each count, and fixed his punishment on each count at imprisonment for a term of five years, and by a fine of $2,500. The judgment followed the verdict and assessed the punishment on each count as stated in the verdict, and provided that the punishment assessed on each count should run concurrently.

It is argued that the prosecution is barred by the statute of limitation. This contention is predicated upon the fact that the two notes signed by Little, by which

the funds of the bank were procured for the partnership, were dated, one September 10, 1921, the other October 10, 1921. If on those dates the transactions were complete, the prosecution would be barred. But it is clearly shown by the evidence that the moneys procured by Krehbiel & Co. from these two notes was in the form of a draft for $3,100, and a credit for $900 on the bank's books. The credit was entered on November 28, 1921, and the draft was paid on November 30, 1921. The prosecution is therefore not barred by limitation.

The contention is made that the information is insufficient; that, if it charges any offense, it charges more than one. Each count charges defendant did abstract and misapply the funds, money, etc., of the American State Bank. The statute provides that every officer of any bank who embezzles, abstracts, or willfully misapplies the moneys, etc., of the bank, is guilty of a felony. Defendant contends that, under the statute, an abstracting is one offense, and a willful misapplying is another offense, and that they cannot be joined in the same count, citing 7 C. J. § 714, p. 804; U. S. v. Cadwallader (D. C.) 59 F. 677; U. S. v. Smith (D. C.) 152 F. 542; U. S. v. Breese (D. C.) 131 F. 915; Donegan v. U. S. (C. C. A.) 296 F. 843; 7 C. J. § § 798, 799, and other authorities.

All the authorities cited are from the federal courts, and all apply to decisions under the National Banking Act. The statute here (Comp. St. 1921, § 4178), is directed against the diverting or dissipating the money of the bank by embezzling it, abstracting it, or willfully misapplying it. It is the depriving the bank of its money either by embezzling it, abstracting it, or willfully misapplying it that the statute denounces as a felony. Whether the particular manner in which the bank parts with its money constitutes an embezzlement and abstract-

ing or a willful misapplying is not important—the offense is the same. It may be committed by diverting the funds of the bank in any one of the three ways enumerated. It is immaterial that there may be some difference in the techical or legal definition between the terms "abstracting" or the "willful misapplying," as used in the information. These terms are not defined by the statute, but the information alleges fully the acts of defendant in diverting and depriving the bank of the $4,000 of its funds. The statute enumerates disjunctively the acts which constitute the offense. Either one of them may constitute the offense, and all together they constitute the offense. It was entirely proper to allege the different ways in which the offense may be committed in the conjunctive in the same count, and to do so does not render the information duplicitous.

In Cole v. State, 15 Okla. Cr. 361, 177 P. 129, it is held:

"An information for a violation of section 2204, Rev. Laws 1910, may properly charge in one count in the conjunctive the several acts prohibited by said section, and a legal conviction had upon proper proof that the defendant did either one of the several acts interdicted by said sections."

In the body of the opinion the court reasons as follows:

"* * * Said section 2204 makes it unlawful knowingly to feed, or lodge, or clothe, or arm, or equip in whole or in part, or harbor, or aid, assist, or conceal in any manner any person guilty of a felony, or a fugitive from justice, and upon a proper information charging each of said prohibited acts in the conjunctive the defendant may be legally convicted of doing any one or more of the said several acts interdicted. * * *"

In Sherman v. State, 19 Okla. Cr. 269, 200 P. 262, it was contended that an information which charged

a defendant with both buying and receiving stolen property was duplicitous. The court said:

"* * * The demurrer was properly overruled. The statute defines but one offense, and enumerates disjunctively the acts which, either committed separately or together, constitute the offense. The rule is well established that where a statute enumerates a series of acts, either of which or all together may constitute the offense, all such acts may be charged in a single count, since, though each by itself may constitute the offense, all together do no more and constitute but one and the same offense, and the indictment or information, if it charges more than one of such acts, which it may do and that in the same count, should do so in the conjunctive. * * *"

See, also, Adams v. State, 5 Okla. Cr. 347, 114 P. 347; Boucher v. State, 6 Okla. Cr. 387, 118 P. 1102; Hayes v. State, 4 Okla. Cr. 377, 111 P. 1020.

It is also argued that the information is duplicitous, in that each count sets out two separate transactions. The information does describe two notes of different dates for $2,000, each made by T. P. Little, payable to the bank. This, however, but pleads the manner in which the funds of the bank were loaned to Krehbiel & Co., for following the description of the notes is the allegation that they were entered on the books of the bank and credit given to Krehbiel & Co. in the sum of $4,000; that is, each count pleads that $4,-000 was obtained by Krehbiel & Co. by means of the two notes. The obtaining of the money is the fact constituting and concluding the offense, and is but one transaction, although it was obtained by means of two notes bearing different dates.

Defendant also insists that the information is indefinite and insufficient for failure to allege that the acts done were without the consent of the board of

directors. Several authorities are cited in support of this contention, but all refer to the National Banking Act, which contains a clause "without authority of the directors." 12 USCA § 592. Our statute does not contain this clause, and the definition of the charge is different from the definition contained in the federal act.

Defendant also insists that the information is insufficient in failing to allege the bank suffered any loss. That allegation is not expressly made, but a state of facts is set out by which the bank made a loan to Krehbiel & Co. through the use of the name of T. P. Little, and that said partnership "did then and there accept, receive, and use said sum of money from said bank for the benefit of said partnership." This sufficiently alleges the loan and the receiving of the funds of the bank by the partnership.

It is also argued that the court erred in instruction No. 9. This instruction informs the jury of the punishment for the offense charged, and that they should assess the punishment, and further informs them that a verdict should be returned upon each count. Pursuant to this instruction, the jury returned a verdict finding defendant guilty on each count, and assessing the punishment on each count at five years in the state penitentiary, and at a fine of $2,500. Defendant insists this is error, and argues that under the statute an intent to injure or defraud or to deceive any officer of the bank or to deceive the bank commissioner constitutes but one offense, citing Boone v. U. S. (C. C. A) 257 F. 963; McKnight v. U. S. (C. C. A.) 97 F. 208.

This contention is correct. In the reasoning of the court in the Boone Case, supra, it is said:

"* * * Is this count of the indictment duplicitous by reason of the allegations that the false entry in the report was made with the intent to injure and defraud

the bank and to deceive the Comptroller of the Currency, or any agent appointed to examine the affairs of the bank?

"Counsel rely on what they presume was decided by Judge Adams, speaking for this court, in Billingsley v. United States, 178 F. 653, 101 C. C. A. 465, and United States v. Norton (D. C.) 188 F. 256, decided by Judge Campbell, who was of the opinion that the Billingsley Case sustained the contention now made.

"A careful reading of Judge Adams' opinion does not warrant this construction. The issue in that case was whether the indictment charging a false entry in the books of the bank, with the intent to deceive any agent appointed to examine the affairs of the bank, without charging that the false entry was made with the intent to defraud the association, or any other bank or person, was sufficient to charge an offense. The court held the indictment sufficient, saying:

" 'There are apparently two separate intents contemplated by this section, either of which, when accompanying a forbidden act, constitutes an offense.'

"It was not held that the making of a false entry to defraud and to deceive constituted separate offenses. The intents were separate, but they might both concur in the making of a single false entry and thereby constitute a single crime. That allegations in an indictment charging both intents in one count are not duplicitous has been decided in McKnight v. United States, 97 F. 208, 215, 38 C. C. A. 115, 123, in which the opinion was delivered by Judge (now Mr. Justice) Day, and was concurred in by Judge (later Mr. Justice) Lurton and Circuit Judge Taft. In United States v. Britton, 107 U. S. 655, 665, 2 S. Ct. 512, 27 L. Ed. 520, a count charging the acts of the defendant to have been with the intent to injure and defraud the said association and certain persons to the grand jurors unknown was held good and not duplicitous. The same conclusion was reached in Morse v. United States, 174 F. 539, 548, 98 C. C. A. 321 [20 Ann. Cas. 938], in Richardson v. United States, 181 F. 1, 8, 104

C. C. A. 69, and in effect in United States v. Corbett, 215 U. S. 233, 30 S. Ct. 81, 54 L. Ed. 173.

"In Crain v. United States, 162 U. S. 625, 636, 16 S. Ct. 952, 40 L. Ed. 1097, a similar question was before the court. A count in the indictment charged three acts, made separate offenses by section 5421, Rev. St. (U. S. Comp. St. § 10193 [18 USCA § 73]), and was held that a motion in arrest of judgment on that count, on the ground of duplicity, was properly denied. The court said:

" 'We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute.' "

The two counts of the information here charge but one offense. A general verdict is all that is required. Section 21, art. 7, State Const. This court, in the case of Fooshee v. State, 3 Okla. Cr. 668, 108 P. 560, held:

"Where a conviction is had upon an indictment containing more than one count, but each count charging the same offense in a different form, the law does not require that the jury state in their verdict upon which count the conviction is had.

"Where the same act constitutes two or more different offenses and such different offenses are charged in separate counts of the same indictment, the law requires that a verdict of conviction state upon which count the conviction is had."

The acts alleged to have been done are charged in separate counts with having been done with different intents. Both intents might have been charged in the same count, and a general verdict returned. The jury, however, by their verdict found the acts were done with both intents, and assessed a double punishment. The

court in the judgment assessed the punishment fixed in each count, and provided they should run concurrently. The defendant has been at liberty on a supersedeas bond, and has suffered no part of the penalty assessed. Under this state of facts is a reversal required? May not this court correct the judgment leaving in force only one penalty? Section 2820, Comp. St. 1921, gives this court power to reverse, affirm, or modify a judgment. In People v. Ryan, 74 Cal. App. 125, 239 P. 419, under an identical statute, it is said:

"Where several sentences for forgery were erroneously imposed on different counts, and there is no doubt of defendant's guilt, and punishment on all counts was of equal duration, a new trial will not be granted, but judgment of conviction will be reduced under Pen. Code, § 1260, giving court power to modify judgment by striking sentences so as to make one sentence for one crime."

In reasoning in that case, the court said:

"In view of the equality in penalties as between the different offenses, the defendant cannot be substantially interested in the selection of the judgment which shall stand if the remaining sentence or sentences for the same offense are set aside. The superior court might have made that selection, and the defendant would not have been prejudiced thereby. Lovejoy v. State, 40 Tex. Cr. R. 89, 48 S. W. 521. See note of that and other cases in 16 L. R. A. (N. S.) 561 et seq.

"The court below pronounced a separate sentence on each count under which the defendant was convicted, and provided that the sentences run consecutively. Appellant has treated these separate sentences as constituting, which they do, in substance, a single judgment, and has appealed 'from the final judgment of conviction,' in the action. It is ordered that the judgment be, and the same hereby is, modified as follows: By striking from said judgment the sentence imposed and based upon conviction under counts 13, 18, 25, 29, and 30 of the indictment.

In all other respects and with reference to all other portions of said sentences and judgment, the same are hereby affirmed."

This court in many decisions has exercised the power to modify judgments.

Upon a consideration of the entire record, we are of the opinion that the judgment should be modified to strike from the judgment the punishment assessed under the verdict rendered on the second count; in all other respects the judgment should be affirmed. As modified, there is no miscarriage of justice, and such errors as appear are without substantial prejudice to the rights of defendant. As modified, the case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.