## S. W. HOGAN v. STATE.

No. A-6180.    Opinion Filed March 2, 1929.
(275 Pac. 355.)

E. M. Bradley and Harry C. Brownlee, for plaintiff in error.

Edwin Dabney, Atty. Gen., M. B. Cope, and J. T. McIntosh, for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kingfisher county on a charge of violating the banking

law, and was sentenced to pay a fine of $5,000 and to serve a term of two years in the state penitentiary.

The charge is based on section 4128, Comp. Stat. 1921. Numerous assignments of error are set out in the motion for new trial and the petition in error and argued in the very voluminous briefs, several of which will be separately referred to in the course of this opinion.

Considered in logical order, the first contention is that the court erred in overruling the demurrer to the information. The demurrer is on the ground that the information is duplicitous and does not state sufficient facts to constitute a public offense. The information in part charges:

"* * * That * * * S. W. Hogan * * * did then and there, unlawfully, wilfully, knowingly and feloniously permit and connive at and was accessory to the receiving and accepting on deposit in said bank from one A. L. Wright, the sum of $82.58, in money, when said bank was insolvent and the said defendant then and there knew said bank was insolvent. * * *"

Defendant asserts that the receiving and accepting of a deposit is a separate offense from being accessory to or permitting or conniving at the receiving of a deposit, citing King v. Armstrong, 9 Cal. App. 386, 99 P. 527; State v. Warner, 60 Kan. 94, 55 P. 342; Collman v. State, 161 Ark. 351, 256 S. W. 357; Ex parte Smith, 33 Nev. 468, 111 P. 930; State v. Furth, 82 Wash. 665, 144 P. 907.

The state contends that only one offense is charged, committed by one act and having but one punishment, citing Taylor v. State, 4 Okla. Cr. 468, 111 P. 1000; Clifford v. State, 29 Wis. 327; McClure v. People, 27 Colo. 358, 61 P. 612; State v. Sattley, 131 Mo. 464, 33 S. W. 41; State v. Nelson, 29 Me. 329; State v. Price, 11 N. J. Law, 203; Wilkin v. State, 121 Ark. 219, 180 S. W. 512.

In the case of McClure v. People, supra, the court said:

"In a prosecution against a bank president, under Mills' Ann. St. § 222, providing that any bank president who receives or assents to the reception of a deposit with knowledge of the bank's insolvency is guilty of larceny, held, that an information under such statute was not invalid by reason of the fact that it charged the receiving and assenting to the reception of a deposit in one count."

In the case of Wilkin v. State, supra, the court held:

"That an indictment charged in the same count that defendant knowingly received and accepted a check on deposit and knowingly permitted a check to be received and accepted on deposit when the bank was insolvent did not render it demurrable; the two acts charged constituting one offense in violation of Kirby's Dig. § 1814, which defines such offense and prescribes a penalty therefor."

In the body of the opinion this language is used:

"We do not think the court erred in overruling the demurrer. This is not a case of an indictment charging in the same count two separate and distinct offenses for which different punishments are prescribed. The indictment charges the commission of but one offense. The act of knowingly receiving and accepting a deposit and knowingly permitting it to be received and accepted constitutes the same offense. It is true it may be committed in a different mode, but the punishment is the same, and the same character of testimony is necessary in each case."

Davis v. State, 40 Okla. Cr. 231, 267 P. 674, and authorities there cited, sustain in principle the state's contention.

This question was referred to in Hudson v. State, 37 Okla. Cr. 290, 258 P. 352, in which this court sustained an information substantially in the form of the information here. It appears, however, from the authorities cited in the supplemental reply brief of defendant here, that this court was in error in the Hudson Case in suggesting that certain decisions there cited in the brief of plaintiff in error and also cited in this case were rendered prior to the

enactment of the statute abolishing the distinction between principals and accessories; in that particular there seems to be no substantial difference in the statutes of Kansas, Nevada, and Missouri from the statute of this state. Section 1521, Comp. Stat. 1921. The fact, however, that those opinions were under a statute of principal and accessory substantially the same as ours, does not require that we recede from the rule announced in the Hudson Case. The offense defined by section 4128 is the receiving deposits in an insolvent bank. The offense is committed by receiving the deposit or by being accessory to or by permitting or by conniving at the receiving. The offense may be committed by any or all the ways enumerated in the statute.

It is next argued that the court erred in overruling defendant's application for a continuance. Upon this assignment, it is urged that the court could not pass properly on this question unless defendant were personally present. Certainly the defendant must be personally present at the trial. Sections 2641, 2754, Comp. Stat. 1921. But the trial does not begin until a jury is called into the box to be examined on their qualifications. 16 C. J. 781; Simmons v. State, 4 Okla. Cr. 490, 112 P. 35; Caples v. State, 3 Okla. Cr. 73, 104 P. 493, 26 L. R. A. (N. S.) 1033. The defendant need not be present when matters affecting the case but not a part of the trial are passed upon. 12 Cyc. 526, 754; 8 R. C. L. 91; Philips v. State, 10 Okla. Cr. 353, 136 P. 776. This assignment is, further, that defendant was not given time to procure his witnesses. Without reviewing the record upon this point, it is clear that no sufficient diligence is shown. Complaint is also made that defendant entered his plea of not guilty on October 14, 1925, and the case was set for trial on October 15, 1925. The information in this case was filed on November 25, 1924. Thereafter defendant was arraigned, but the record does not disclose the date—presumably on April 24, 1925, as on that date a stipulation for continuance was made by

the county attorney and the counsel for defendant. On September 7, court convened and the cases not disposed of were assigned for trial, including this case for October 12. The defendant was not present in person at the time, and for that reason his plea was not taken. The case was not reached on October 12, and on October 14 a demurrer to the information was filed and overruled and the case reassigned for October 15. It was then suggested to the trial court that defendant had not entered his plea, and the plea of not guilty was entered. Defendant then applied for a continuance for the reason that ten days had not intervened between the entry of the plea and the day for trial. The denial of this application, he asserts, is error requiring a reversal, citing Westbrook v. State, 14 Okla. Cr. 423, 172 P. 464; Noel v. State, 17 Okla. Cr. 308, 188 P. 688; Jacobs v. State, 29 Okla. Cr. 140, 232 P. 861. The Westbrook Case was a death penalty case; the offense was committed on February 7. Defendant was arraigned on March 6 and given 24 hours to plead. On March 7 a demurrer was filed, which was overruled, and the trial set for March 14. On March 13, defendant filed an application for a commission to take depositions, which was overruled and on March 15 the case went to trial. This court held that defendant was entitled to sufficient time in which to take depositions and to prepare for trial. However, this court did not reverse the case, but modified the judgment from death to imprisonment for life. The court in this opinion did say that:

"* * * No felony case should be set, over the objection of defendant, within ten days after his plea is entered."

The Noel Case was also a death penalty case. Only two days intervened between defendant's arraignment and his trial, and it is held that he was not allowed the time reasonably necessary to procure the attendance of his witnesses. The case is reversed, however, for the reason that

the judgment fixed a shorter period for carrying into execution the death penalty than that required by law. The Jacobs Case was a misdemeanor, and it is there held that when a defendant is arraigned and plea entered, the case is at issue, and stands for trial, unless it is made to appear to the court that accused requires further time to prepare his defense.

There is no statute fixing the time in criminal cases which shall intervene before a case shall stand for trial after arraignment and plea of not guilty. A reasonable time must be allowed. What is a reasonable time will depend on the circumstances in the particular case. In this case defendant had eleven months from the time of his apprehension until the case went to trial. He was arraigned some six months prior to the time of his trial. Apparently it was an inadvertence that his plea was not entered long before the time fixed for trial. Counsel for both the state and the defendant proceeded as if the plea of not guilty had been entered. A continuance had been stipulated in April. No objection was made, on September 7, when the case was assigned for trial on October 12. On October 14, the application for continuance on account of the absence of witnesses was filed, prior to any suggestion that the plea had not been entered. Defendant had ample time to prepare, and under the circumstances shown it was not prejudicial error to assign the case before the formal plea of not guilty was entered.

Defendant further assigns as error remarks of the trial judge in the presence of the jury. Some colloquy occurred between the judge and counsel at several times immediately preceding and during the course of the trial. In this connection, it may be well to state that the case was closely tried; both the state and the defendant were well represented; defendant's counsel objected to a great many items of evidence and contested closely the legal questions

that arose. The judge in several instances explained his ruling or stated his views in ruling on an objection. As we have heretofore said, it is the better practice for a trial judge to rule without assigning a reason or explaining his ruling in the hearing of the jury, as it sometimes occurs that his words may convey to the jury an impression of the opinion of the judge. We have examined the record under this assignment, and are of the opinion that there is no substantial error in the remarks complained of.

Complaint is next made of the court's instructions. This case being somewhat technical, the instructions are lengthy. Exceptions are taken to practically all of them, and each is discussed at length in the briefs. We deem it unnecessary to review separately the various assignments relating to the instructions. Some of them are erroneous in some particulars, but in the main the errors are not important; they fall under the harmless error statute. Section 2822, Comp. Stat. 1921.

The eighteenth assignment is directed to the court's refusal to give defendant's requested instruction No. 1, which states the law requiring corroboration of the testimony of an accomplice. Section 2701, Comp. Stat. 1921. I. Stone was one of the state's principal witnesses. He was a director of the bank at the time it failed; his testimony as to the insolvency of the bank was very material. He signed the reports of the bank from time to time, and, owing to his relation and connection with the bank, his testimony must have impressed the jury strongly. He testified in substance that practically all of the notes held by the bank were worthless. It was shown that he knew practically nothing of the affairs of the bank or the management until after it was closed, as he was not active in the bank but conducted a drug business; that he did not pass upon any of the loans of the bank as they were made. Various other witnesses also testified as to the value of the assets of the

bank. Since he was a director with duties fixed by law (sec. 4119, Comp. Stat. 1921), it must be held as a matter of law that under the broad provisions of section 4128, Comp. Stat. 1921, he was an accomplice of defendant. The question then presents itself, Is it error requiring a reversal for the court, under such circumstances, to refuse a request for an instruction on the law requiring corroboration of the testimony of an accomplice? It is settled by many decisions of this court that where the state relies on the testimony of an accomplice to secure a conviction, it is imperative that the trial court, if requested, instruct the jury that they cannot find the defendant guilty upon the testimony of such accomplice unless he is corroborated by other evidence which tends to connect the defendant with the commission of the offense, and that the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Logan v. State, 23 Okla. Cr. 316, 214 P. 944; Hewett v. State, 38 Okla. Cr. 105, 259 P. 144.

For the reasons assigned, the case is reversed and remanded.

DAVENPORT and CHAPPELL, JJ., concur.