## MELVIN CROWDIS et al. v. STATE.

No. A-9053. May 22, 1936.
(58 Pac. [2d] 154.)

Chester Bender, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, herein-after referred to as the defendants, were convicted of possession of intoxicating liquor and sentenced to pay a fine of $100 each and to serve 60 days each in the county jail; from which judgment and sentence the defendants have appealed by petition in error, with case-made attached.

The evidence of the state shows that Garner Simpson, the sheriff of Custer county, went to the home of the defendants armed with a search warrant; he searched the premises of the defendants, and under the floor of their home found one gallon of whisky in two half-gallon fruit jars. At the time he made the search neither of the defendants was at home.

On cross-examination the witness Simpson stated he tried to find the defendants, and made inquiry as to their whereabouts, but that no one knew where they were. He then opened the door and went in and made the search, and posted a copy of the search warrant on the door.

Mrs. Melvin Crowdis, one of the defendants, testified that her husband had been away from home several days prior to the day the sheriff claims he searched their home; after her husband left for Texas she went to Canton and

stayed with Dr. Eaton; "it must have been about two weeks later I found our home had been searched; my husband returned and came to Canton and brought me back and the search warrant was in the front door." The defendant stated she knew nothing about the whisky; she stated positively that she did not sell whisky to anyone.

The foregoing is all the testimony relative to the occupancy of the home of the defendants, the time the defendants were absent from home, and as to the quantity of whisky the sheriff found when he made a search of the home.

The only assignment of error it is deemed necessary to consider is the first one, which is:

"Said court erred in overruling the motion of plaintiffs in error for a new trial."

The motion for a new trial covers all the questions raised by the defendants. An examination of the record clearly shows that the only evidence against Melvin Crowdis and his wife is the statement of the sheriff who searched the home of the defendants in their absence and found one gallon of whisky somewhere under the floor in two half-gallon fruit jars. There is no testimony showing the defendants were engaged in the whisky business, or that they had been selling, bartering, or giving away whisky. It is admitted by the state that the residence searched was the residence of Melvin Crowdis and his wife.

The only question to be determined by this court is, Is there any competent testimony to show that the defendants, Melvin Crowder or his wife, violated the statutes of Oklahoma by permitting one gallon of whisky to be under the floor of their home? The defendant Mrs. Crowdis states positively she knew nothing about the whisky being there; that she is a married woman living

with her husband, Melvin Crowdis, at the home established by him; she has no knowledge whatever how the whisky alleged to have been found by the sheriff got under the floor of their home.

It is admitted that Mrs. Melvin Crowdis was the lawful wife of Melvin Crowdis, and was living with him on the date it is alleged their home was searched by the sheriff and one gallon of whisky found. Melvin Crowdis, one of the defendants, is the head of the Crowdis family. In the absence of any testimony specifically connecting Mrs. Melvin Crowdis with the whisky found by the sheriff, and it being admitted it was found under the floor of the home of Melvin Crowdis, we hold that the evidence is insufficient to sustain a conviction against Mrs. Melvin Crowdis, the wife of Melvin Crowdis, and the prosecution as to Mrs. Melvin Crowdis having no competent evidence to connect her with the possession of the whisky, the case as to her should be reversed and dismissed. The husband, being the head of the house, is in law presumed to direct and control, and to have around his home anything he desires, and his doing so and having a charge against him in no way whatever involves or tends to show that the wife participated or was connected in any way with the leaving of the whisky where the officers found it.

The next question this court will consider is, Is there evidence sufficient to sustain a conviction against the defendant Melvin Crowdis? The record shows he was away from home and had been for some time prior to the search, and had not returned for several days after the search was made. The whisky was found under the floor of his home. No evidence was introduced to show that the defendant Melvin Crowdis was engaged in furnishing, bartering, selling, or giving away intoxicating liquor, nor is there any evidence tending in any way whatever to con-

nect the defendant Melvin Crowdis with the whisky found, other than it was under the floor of his home.

Section 2625, O. S. 1931, reads as follows:

"It is hereby enacted, in order to suppress the unlawful practice of selling, bartering, giving away and otherwise furnishing liquors, the sale of which is prohibited by this act, from private residences, that it shall be unlawful for any person within this state to have or keep at, in, or about his place of residence, at any one time, more than one (1) gallon of spirituous, or one (1) gallon of vinous (the provisions of this act shall not apply to that for sacramental purposes) liquors, or any imitation thereof, or substitute therefor; nor more than one cask of malt liquors, or any imitation thereof, or substitute therefor, nor more than one cask of any liquors or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of one per centum of alcohol measured by volume, and which is capable of being used as a beverage, except preparations compounded by any licensed pharmacist, the sale of which would not subject him to the payment of the special tax required by the laws of the United States. Provided, that this section shall not be construed in any way, to legalize the keeping of such liquors at or about a place of residence for an unlawful purpose. A violation of any provision of this section shall be a misdemeanor and shall be punished by a fine of not less than fifty dollars ($50), nor more than five hundred dollars ($500), and imprisonment of not less than thirty days nor more than six months."

The authority given the Legislature by the Constitution, art. 5, § 43, to revise the laws, permits it to revise to any extent so long as the substance of the proposed revision is not otherwise prohibited by the Constitution. The revision is a substitute. It displaces and repeals the former law as it stood relating to the subjects within its purview. Ex parte Autry, 58 Okla. Cr. 88, 50 Pac.

(2d) 239; Ex parte Wagner, 58 Okla. Cr. 161, 50 Pac. (2d) 1135.

Section 2625, O. S. 1931, set out in this opinion, has not been amended or repealed by subsequent legislation, and is now the statute under which the defendant Melvin Crowdis should be tried, if at all, for the charge against him. Under the provisions of the section of the statute cited, it is no violation for a person to have in his possession one gallon of whisky.

There is no evidence to show that the defendant Melvin Crowdis was selling, attempting to sell, bartering, or giving away, or otherwise disposing of any whisky in violation of law. The quantity of whisky claimed to have been found under the home of the defendant Melvin Crowdis not being in excess of one gallon, the evidence is insufficient to sustain the conviction against him.

For the reasons stated herein, the judgment of conviction against Melvin Crowdis and Mrs. Melvin Crowdis is reversed and remanded, with directions to discharge the defendants.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.