## FRANK GING v. STATE.

No. A-9103.   Jan. 9, 1937.
(64 Pac. [2d] 344.)

E. W. Snoddy and H. C. Crandall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter referred to as the defendant, was by information charged with unlawful possession of intoxicating liquor; was tried, convicted, and sentenced to pay a fine of $100, and to be imprisoned in the county jail for sixty days.

The evidence in the record is brief, and in substance is as follows: Nels Nelson, a deputy sheriff, stated:

"I went to the home of Frank Ging, on the 24th day of May, 1935; I had an order of appraisement to appraise the land where Frank Ging lived. Accompanying me were A. A. Smith, A. O. Curtis and J. H. Bagenstos; when we drove up to the house I told the others to remain in the car and I would tell Mr. Ging we were going to appraise the land; I walked to the house and heard something go 'Boom'; I walked a little farther and saw Mr. Ging come out of the milk house and bounce a keg on the cement walk and yell, 'Where is your search warrant?' I just said 'Hello,' and told him I was not coming to search anything, and that I had an order of appraisement to appraise the land; he ran back to the milk house and brought out another ten gallon keg; the stopper came out and I smelled of it, and put the stopper back in the keg; another keg had broken and I straightened it up; then I called to the appraisers to see what was there. I told the defendant I was going to have to place him under arrest. I asked the parties with me to taste it and see if it was whisky. Mr. Ging told me I could search the rest

of the buildings, and I told him I did not come there to search. I told the men to go ahead and appraise the place. We loaded the whisky up, took out ten gallons and took the rest to Alva."

On cross-examination witness stated that he had an order of appraisement from the court, and had gone there with the other parties to appraise the land, and not for the purpose of searching for intoxicating liquor, and that he did not search anything.

The other parties with witness Nelson testified in substance the same as Nelson. The defendant did not offer any testimony.

Eight errors have been assigned by the defendant alleged to have been committed by the trial court. In support of his contention that the third instruction of the court is erroneous, the defendant relies upon Crowdis v. State, 59 Okla. Cr. 297, 58 Pac. (2d) 154. A careful examination of the case relied on by the defendant shows that the facts in Crowdis v. State, supra, are not similar to the facts in this case.

It will be seen from the evidence that the officer had not gone to defendant's home for the purpose of searching for intoxicating liquor, but when the officer approached, and knowing he was an officer, the defendant brought the whisky from the milk house and threw it on the cement walk, evidently trying to burst the kegs and destroy the whisky, which action of the defendant in bringing the whisky out of the milk house and throwing it on the walk took place in the presence of the officer. The evidence clearly shows the guilt of the defendant of the unlawful possession of the intoxicating liquor.

The verdict of the jury is excessive, and should be modified from a fine of $100 and 60 days in jail, to a

fine of $100 and 30 days in jail, and as modified the judgment is affirmed.