ROY MORSE v. STATE.

No. A-9301. Feb. 4, 1938.
(77 P. 2d 757.)

446

Mitchell & Mitchell, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Milton Keen, Co. Atty., of Clinton, for the State.

BAREFOOT, J. The defendant was tried in the district court of Custer county for a violation of the liquor laws, was convicted and sentenced to serve a term of nine months in the reformatory at Granite, and has appealed.

The record discloses that a complaint was filed in the county court of Custer county on the 29th day of June, 1936, charging the defendant with the unlawful possession of intoxicating liquor on the 27th day of June, 1936, and of having been convicted of a violation of the liquor laws at a prior date of November 28, 1933. At the preliminary examination held during the month of June, 1936, defendant waived preliminary, and was bound over to the district court of Custer county. The bond provided for his appearance in the district court of said county on the 21st day of July, 1936. An information was not filed by the county attorney in the district court of said county until the 28th day of September, 1936. In the meantime the next regular term of the district court of Custer county was set to begin on the 26th day of September, 1936, and the jury for said term was summoned to be present on the 28th day of September, 1936, the very date that the information was filed against this defendant. The defend-

ant was arraigned on the same day the information was filed. He had not procured counsel to defend him at that time, but immediately procured counsel and the plea of not guilty, which he had entered, was permitted to be withdrawn, and he filed a demurrer to the information, which was overruled by the court. He then made a motion for a continuance which was as follows:

"Comes now the defendant and moves that the trial of this cause be continued for the following reasons, which appear of record:

"That the assignment of causes for trial at this session was duly made by the presiding judge of this court more than ten days prior to the 26th day of September, 1936, the said jury session beginning on said 28th day of September, 1936, and after said assignment was made, the same was printed and sent to attorneys and litigants. That this cause was not assigned nor included in the printed assignment.

"That no information had been filed in this cause at the time of making and printing said assignment; that said information was not filed until the 28th day of September, 1936, and that no arraignment of the defendant was had until the late afternoon of September 28, 1936, after which the case was set for trial the 30th day of September, 1936, and for that reason is not triable at this time (September 30, 1936).

"For these reasons and for the reason that said case was not put at issue until the 28th day of September, 1936, said case is not triable at this term.

"For this reason and the additional reason that the defendant had not had sufficient time to prepare for trial nor to confer with witnesses. defendant cannot proceed to the trial of this cause."

A hearing was had upon this motion and evidence offered supporting the same. A stipulation of agreement

between the county attorney and counsel for defendant was as follows:

"It is stipulated between counsel for the state and for the defendant that the assignment of cases for trial in this session of the court was duly made by the presiding judge of this court more than ten days prior to the 28th day of September, 1936, the jury session beginning on said 28th day of September, 1936; that after said assignment was made the docket was duly printed and sent to the attorneys; that case number 1002, the state of Oklahoma against Roy Morse was not included in the printed assignment; that the case itself was not transferred from the county court to the district court until the 28th day of September, the first day of the jury term and that the information in the case was not filed until that date, the 28th day of September."

The defendant also offered in evidence Rule 9 of the Rules of the District Court of the Twelfth Judicial District, which was as follows:

"If any case, which stands for trial at any term, shall not have been assigned for trial at such term such case may be called for assignment by either party giving notice to the adverse party of not less than one day of the intention to move the assignment of said cause."

This motion for continuance was overruled by the court on the 30th day of September, 1936, and exception taken, and defendant was placed on trial on that date. The overruling of the motion for a continuance in this case, based upon the above facts, is the first error complained of by defendant.

It will be seen from the record in this case that the defendant was given a preliminary examination during the month of June, 1936, and was bound over to the district court at its next term, but that the county attorney failed to file an information against the defendant until

the 28th day of September, 1936, which was two days after the term of court had begun, and after a written assignment of the cases, both civil and criminal, had been made and printed and distributed to the attorneys and litigants of Custer county. The case of defendant was not upon this assignment, for the reason that the county attorney had not filed an information at the time that the assignment was made, yet when it was filed defendant was arraigned on the same day, September 28th, and was forced to trial two days thereafter, on the 30th day of September, 1936. This court has heretofore had this question before it upon several occasions. As stated in those cases there is no statute in this state with reference to when criminal cases should be set. The statute pertaining to civil cases, Oklahoma Statutes 1931, § 395, Okla. St. Ann., tit. 12, p. 386, § 666, provides that civil cases may stand for trial ten days after the issues are made up. It has been the universal holding of this court that a reasonable time should be given to the defendant to prepare for his trial. A distinction has been made between the cases where a defendant is being tried upon a felony charge and a misdemeanor. Jacobs v. State, 29 Okla. Cr. 140, 232 Pac. 861.

In the case of Westbrook v. State, 14 Okla. Cr. 423, 172 Pac. 464, 469, this court says:

"It is the right of every person accused of crime to have a fair trial and compulsory process to compel the attendance of his witnesses, and this involves as a matter of course the time reasonably necessary to prepare for trial. The statute prescribes that civil cases in the district court shall not stand for trial until ten days after the issues are made up and no felony case should be set over the objection of the defendant within ten days after his plea is entered."

In the case of Noel v. State, 17 Okla. Cr. 308, 188 Pac. 688, 690, this court said:

"Every person charged with crime is entitled to a fair trial according to the due and orderly course of the law. The right of every person charged with crime to have compulsory process for obtaining witnesses in his own behalf is guaranteed by the Constitution (section 20, Bill of Rights); and this involves, as a matter of course, the time reasonably necessary to prepare for trial, and to find and produce testimony in his defense. It is not, however, a matter of which the defendant can complain that the trial is speedy, if he has had time for preparation and is ready for his defense. Continuances ought always to be granted, when, from the showing made, justice requires it; this to enable the defendant to procure all legal and competent evidence necessary for the fair presentation of his defense, if he has used due diligence to obtain the same."

In the case of Hogan v. State, 42 Okla. Cr. 188, 275 Pac. 355, 357, the court, referring to the above decisions, calls attention to the fact that in both of those cases the death penalty was given. In the first one the sentence was reduced to life imprisonment, and in the other the case was reversed. In the Hogan Case the information was filed against the defendant on November 25, 1924. He was presumably arraigned on April 24, 1925, and on September 7, 1925, the case was set for trial on October 12th. The case was not reached October 12th, and on October 14th a demurrer to the information was filed and overruled, and the case was reassigned for October 15th. It was then suggested to the trial court that defendant had not entered his plea and the plea of not guilty was entered. Defendant then applied for a continuance for the reason that ten days had not intervened between the entry of the plea and the date the case was

set for trial. Judge Edwards, reviewing the cases heretofore quoted, held:

"There is no statute fixing the time in criminal cases which shall intervene before a case shall stand for trial after arraignment and plea of not guilty. A reasonable time must be allowed. What is a reasonable time will depend on the circumstances in the particular case. In this case defendant had eleven months from the time of his apprehension until the case went to trial. He was arraigned some six months prior to the time of his trial. Apparently it was an inadvertence that his plea was not entered long before the time fixed for trial. Counsel for both the state and the defendant proceeded as if the plea of not guilty had been entered. A continuance had been stipulated in April. No objection was made, on September 7, when the case was assigned for trial on October 12. On October 14, the application for continuance on account of the absence of witnesses was filed, prior to any suggestion that the plea had not been entered. Defendant had ample time to prepare, and under the circumstances shown it was not prejudicial error to assign the case before the formal plea of not guilty was entered."

This decision, to our mind, announces the rule that should be followed, that is, that a reasonable time would depend upon the circumstances in the particular case.

In the case at bar the defendant had waived his preliminary examination in June, and his appearance bond called for his appearance before the district court on July 21st. At that time he could not appear for the reason that the county attorney had not filed an information against him in the district court. The term of court had been set and the cases for that term, both civil and criminal, had been set. The docket had been printed and defendant's case was not only not on the docket, but no information had been filed against him. We do not think it was fair to the defendant for the county attorney to

file an information in this case on the 28th day of September, and after the term of court had begun, and put this defendant to trial on a felony charge on the 30th day of September, two days after the information had been filed. We do not mean to say by this that defendant was free of all fault. He knew that he had been bound over and that a case would be pending against him. It was his duty to begin preparation for his defense. If the county attorney had filed an information and his case had been set upon the docket, he would have had no excuse to delay his trial, but by reason of the fact that no information had been filed against him and his case was not assigned upon the docket, he had the right to believe that it was not the intention of the duly constituted officials to place him on trial at that term of the court, and especially upon as short notice as two days. We do not believe that this was sufficient time for preparation of a felony case for trial under the circumstances shown in this case. The defendant was not in jail but was out on bond.

It is next contended by defendant that the court erred in permitting the state to prove the prior conviction by the introduction of the criminal appearance docket. The record discloses that the state put upon the witness stand, for the purpose of showing the former conviction, the court clerk, who testified that she was unable to produce the files in the case, and the county attorney then introduced a copy of the information that had been recorded, and the record shows that it was read to the jury, but a copy of the same does not appear in the record of this case on appeal. The criminal appearance docket was then introduced in evidence. It showed the following facts:

454

"State of Oklahoma,

vs. Case No. 2028.

Roy Morse.

1933

June 2 Cause docketed, information filed.

June 2 Warrant issued.

June 9 Warrant ret. and ent.

June

Oct 9 Bond approved.

Nov 23 Prae filed sub issued.

Nov 25 Sub ret and ent.

Nov 27 Bond of Roy Morse forfeited. Defendant and defendant's bondsmen each called 3 times in open court. Co Atty directed to issue bench warrant for Roy Morse.

Nov 28 Motion filed.

Nov 28 Defendants motion to set aside forfeiture sustained and the bond is hereby reinstated.

Nov 28 Defendant arraigned waived reading of information, admitted his true name as stated in the information and entered his plea of guilty. The court sets January 2, 1934, at 2 p. m., as time for judgment and sentence.
Defendant released on present bond till that time.

Nov 28 Order filed.

Jan 25 Reset for judgment and sentence March 5, 1934.

Mar 5 Judgment and sentence reset for May 7, 1934.

Aug 21 On your plea of guilty it is the judgment of the court that you are guilty. It is the further judgment of the court that you pay a fine of $50.00 and serve a term of 30 days in the county jail and pay all the costs. Time to begin as of August 11, 1934."

It will be noted that this appearance docket does not even show the offense with which the defendant was charged. It may have been shown by the information. It was read to the jury but so far as the record in this case is concerned it was not shown. The minutes of the court clerk, as shown by the appearance docket, might constitute a sufficient judgment upon which to base an appeal to this court as we have recently held, but we think when the state desired to prove a former conviction, which is alleged in the information, the record, as contemplated by the statute, should be introduced in evidence. Section 3146, Okla. Stats. 1931, Okla. St. Ann., tit. 22, p. 255, § 977, is as follows:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"1st. The indictment and a copy of the minutes of the plea or demurrer.

"2nd. A copy of the minutes of the trial.

"3rd. The charges given or refused, and the indorsements, if any, thereon; and,

"4th. A copy of the judgment."

This court has had before it, on several occasions, the question of attempting to prove a former conviction by the introduction of the appearance docket. In the case of Halbert v. State, 18 Okla. Cr. 378, 195 Pac. 504, 506, the court says:

"It would seem, therefore, that a former conviction must be established by proving the rendition of a judgment on the verdict or plea of guilty. A judgment cannot properly be shown by an entry in the appearance

docket, as was done in this case. 15 R.C.L. 581; Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737."

See, also, Martin v. State, 30 Okla. Cr. 49, 234 Pac. 795; Browder v. State, 15 Okla. Cr. 287, 176 Pac. 96; Hancock v. State, 33 Okla. Cr. 47, 241 Pac. 1108; 16 C. J. 1344; 22 Cyc. 351.

In connection with this case, while it may not be necessary, we call attention to the fact that, in the trial of felony cases, and also in misdemeanor cases, county attorneys should prepare formal judgments and have the same signed by the judge and filed with the papers in the case. This in addition to the minutes taken by the court clerk; and it is good practice to follow this procedure where there is a plea of guilty, the same as when there is a trial of the case which results in acquittal or a conviction. The best method of proving a prior conviction is by offering in evidence the indictment or information and the judgment of conviction, and after these instruments are introduced proof should be offered to show that the case has not been appealed, or, if appealed, that final disposition has been made of the same.

The court, in this case, instructed the jury as follows:

"You are instructed that it is unlawful for any person within this state to knowingly have or keep at, in, or about his place of residence at any one time more than one (1) gallon of spirituous or vinous liquors, or any imitation thereof or substitute therefor, which contains more than 3.2% alcohol measured by weight. A violation hereof, shall be punished by a fine of not less than $50 nor more than $500 and imprisonment of not less than 30 days nor more than 6 months."

Excepted to by defendant. Exception allowed.

This instruction is based upon a section of the statutes which is no longer in force in this state. In view of the fact that there has been some misunderstanding as to the decisions of this court with reference to the "quart" and "gallon" law, and some of the decisions seeming not to be in harmony, we desire to give the history of these statutes so that it may be well known the one we consider in force at this time.

The first law passed by the Legislature with reference to this matter was the Session Laws of 1910-11, chapter 70, pp. 156, 157. Section 4 of this law made it "unlawful for any person to have or keep in excess of one quart of spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; or in any manner permit any other person to have or keep, any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; * * * upon, in, or about his place of business, or any place of amusement or recreation, or any public resort, or any club room, whether such liquor be intended for the personal use of the person so having and keeping the same or not; * * * Provided, further, that this section shall not be construed, in any way, to legalize the keeping of such liquors for an unlawful purpose."

Section 5 of this act provides:

"In order to suppress the unlawful practice of selling, bartering, giving away and otherwise furnishing liquors, the sale of which is prohibited by this act, from private residences, that it shall be unlawful for any person within this state to have or keep at, in, or about his place of residence, at any time, more than one (1) gallon of spirituous, or one (1) gallon of vinous * * * liquors, or any imitation thereof, or substitute therefor; nor more than one cask of malt liquors. * * * Provided, that this

section shall not be construed in any way, to legalize the keeping of such liquors at or about a place of residence for an unlawful purpose."

The above law was C.O.S. 1921, § 6985, Okla. Stats. 1931, § 2625, and § 2627, as amended by Laws 1933, c. 153, § 4, Okla. St. Ann., tit. 37, pp. 538, 540, §§ 31 and 32. In the case of Ex parte Wilson, 6 Okla. Cr. 451, 119 Pac. 596, this court, in an elaborate opinion held section 4 of the above act unconstitutional, for the reason that the Legislature did not have the power to absolutely prohibit the keeping of intoxicating liquors for one's own individual use. The constitutionality of section 5 was not passed upon by the court in this case, but the two sections of the statute being analogous it is clear that the court would have held section 5 unconstitutional for the same reason that section 4 was held unconstitutional.

The session of the Legislature held in 1923 and 1924, in an act approved March 25, 1924, passed a law (chapter 123) amending section 6999, of the C.O.S. 1921, and now section 2626, Okla. Stats. 1931, as amended by Laws 1933, c. 153, § 3; Oklahoma Statutes Annotated, title 37, page 567, § 82, in which it was provided:

"The keeping in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor; * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room; * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors; provided, further, that this section shall not be construed in any way to legalize the keeping of any liquors for unlawful purposes irrespective of the amount."

This act amended section 6999 of the C. O. S. 1921,

now Okla. Stats. 1931, § 2626, as amended, Okla. St. Ann., tit. 37, p. 567, § 82. This was so held in the case of Jenkins v. State, 28 Okla. Cr. 249, 230 Pac. 293, and Brickley v. State, 55 Okla. Cr. 451, 32 P. 2d 743.

The session of the Legislature held in 1933, by chapter 153, § 3, of the Session Laws of 1933, Okla. St. Ann., tit. 37, p. 567, § 82, amended section 2626 of the Oklahoma Statutes 1931, and provided:

"The keeping, in excess of one quart of any spirituous, vinous, fermented or malt liquors, or any imitation thereof, or substitute therefor, * * * or in any manner permitting any other person to have or keep any such liquors in or about his place of business or his residence, or any place of amusement, or recreation, or any public resort, or any club room; * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors; provided further, that this section shall not be construed in any way to legalize the keeping of any liquors for unlawful purposes irrespective of the amount."

It will thus be seen that the last act of the Legislature, being chapter 153 of the Session Laws of 1933, is now the law in force in this state with reference to the possession in excess of one quart of intoxicating liquor.

This court, in two very recent decisions, being the case of Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900, 901, decided by this court on the 14th day of January, 1938, and in the case of Smith v. State, 62 Okla. Cr. 33, 69 P. 2d 671, has had occasion to refer to this question, and hold that the above act is the act now in force in this state. In the case of Crowdis v. State, decided by this 58 P. 2d 154, 156, this court, after quoting section 2625 court on May 22, 1936, and reported in 59 Okla. Cr. 297,

of the Oklahoma Statutes 1931, 37 Okla. St. Ann. § 32, says:

"Section 2625, O. S. 1931, set out in this opinion, has not been amended or repealed by subsequent legislation, and is now the statute under which the defendant Melvin Crowdis should be tried, if at all, for the charge against him. Under the provisions of the section of the statute cited, it is no violation for a person to have in his possession one gallon of whisky."

As noted in the Dean Case, supra, it is said:

"When the Crowdis Case was before this court attention was not called to section 3, chapter 153, Session Laws 1933, 37 Okla. St. Ann. p. 567, § 82."

And for that reason the above statement was made in the Crowdis Case. It is now clear that there is no statute in this state in force with reference to the possession of one gallon of liquor, but, as stated above, the act of the Legislature of 1933, chapter 153, which makes the possession in excess of one quart of liquor prima facie evidence of an intention to convey, sell, or give away, etc., is in full force and effect.

It will be noted by the instruction given by the court in the case at bar that the jury was told that the having or possession, at or about his residence, of one gallon of liquor, constitutes a violation of the law. This statute not now being in force and effect, and the quart statute only providing that the possession in excess of one quart shall be prima facie evidence of an intention to sell, etc., it is clear that the court erred in giving the above instruction which was excepted to by the defendant in this case. The force of this charge was that the possession of liquor was a violation of law, regardless of the intent. This is not the law.

We have carefully examined the information, and while it does not set out fully as it might the fact with reference to the prior conviction, we think it sufficiently sets this out as against a demurrer, and the court did not error in overruling the demurrer of defendant to the information.

For the reasons above stated, the judgment of the district court of Custer county is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.